this case. The witness then continued to narrate the conversation, in which he charged the appellant with being guilty of the crime of sodomy with various young men, who were not named, and to which charge appellant made no response. No objection was taken to this evidence, and no motion made to strike it out or to direct the jury to disregard it. Mr. Comstock then narrated what he said to appellant concerning this particular crime, and during the giving of this testimony, pertinent and material to the issue, counsel for appellant interrupted with the remark, apparently addressed to the court, "Now we have the same objection to all this line of testimony," to which the court replied, "Certainly, and I make the same ruling," and counsel for appellant excepted. There was no further objection or exception to the evidence of the conversation.

Even though some of this evidence may not have been competent, we think the court did not err in overruling the objections. The question, as has been observed, called for the conversation concerning the crime charged in the indictment. If the witness, in answer to that proper question, in narrating the conversation, stated facts that were incompetent and inadmissible against the defendant on account of their showing the commission of other similar crimes, the appellant should have requested the court to instruct the witness to state only that part of the conversation which related to the commission of the crime in question, or, as the evidence of other similar crimes was received, should have moved to strike it out and have the jury instructed to disregard it. This would have presented the question whether it was essential to a proper understanding of the evidence relating to the defendant's express and implied admissions of the crime for which he was on trial that the entire conversation should be received.

There is no doubt as to the defendant's guilt, and we find no exception presenting reversible error. It follows, therefore, that the judgment and order should be affirmed. All concur; PATTERSON, J., in result.

---

(85 App. Div. 592.)

### LAFFERTY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. STREET RAILROADS — PERSONAL INJURIES — NEGLIGENCE — EVIDENCE—SUFFICIENCY.

   In an action against a street railway for injuries to a six year old child crossing the track, the evidence examined, and *held* to justify the finding of negligence in the defendant.

2. SAME—INSTRUCTIONS.

   In an action against a street railway for injuries to a six year old child crossing the track it was proper to refuse to charge that, if the mother of plaintiff did not exercise ordinary care in permitting her to go on the street unattended, or was guilty of any negligence which contributed to the accident, the verdict should be for defendant, where the question whether plaintiff was sui juris or non sui juris was an open one under the evidence, and where the court had already charged that, if plaintiff was non sui juris, and her parents were guilty of negligence, their negligence was imputable to her.

**3. CONTRIBUTORY NEGLIGENCE—INFANTS SUI JURIS.**

An infant sui juris is chargeable with contributory negligence, but in determining whether he is guilty of contributory negligence his acts are to be considered with reference to his age and the degree of care that may reasonably be expected to be exercised by one of his years.

**4. SAME.**

An infant of sufficient age and intelligence to render it prudent for his parent to permit him to go on the public streets unaccompanied is sui juris, and it is only his own contributory negligence which will defeat a recovery for injuries negligently inflicted on him by another.

**5. DAMAGES—EXCESSIVE DAMAGES—INJURIES TO CHILD.**

Injuries to a six year old girl necessitated the amputation of the left arm below the elbow. The scar had a tendency to make the nerves sensitive at that point, and there was a tender spot on the stump, and she experienced a feeling as if pins and needles were going through the left hand, which had been removed. The development of the left shoulder and side was markedly less than that of the right, leaving the left shoulder much lower. There was also evidence that the plaintiff's nerves had been disturbed down to the time of the trial, and that for two or three years preceding the trial she had rested well, but before that her sleep was disturbed; that she had suffered pain from the time of the accident until she testified in the case, but not all the time. *Held*, that a verdict for $12,000 was not excessive.

**6. REQUESTED INSTRUCTIONS—NECESSITY.**

Defendant should have requested an instruction telling the jury not to consider certain evidence offered on the issue of damages; merely excepting to the court's allowing them to consider it was not sufficient.

Ingraham and Hatch, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Irene Lafferty, an infant, by William H. Lafferty, her guardian ad litem, against the Third Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

Albert A. Wray, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries sustained by the plaintiff, an infant of the age of 6 years, 3 months, and 14 days, through the alleged negligence of the defendant. On the 23d day of August, 1895, the plaintiff, while crossing Amsterdam avenue from east to west either along the southerly cross-walk line of 158th street or a short distance northerly of the northerly cross-walk line of that street, was struck and injured by one of the defendant's north-bound cable cars on Amsterdam avenue. She resided with her parents on the southerly side of 160th street, west of Amsterdam avenue. There were no street cars and but little vehicle travel in 160th street. The plaintiff had never attended school, had never been permitted to cross Amsterdam avenue alone, or been sent on errands, and, according to her evidence, had been cautioned by her mother to always look up and down before crossing any street, to see if there were any wagons or railroad

¶ 3. See Negligence, vol. 37, Cent. Dig. § 123.

cars in the way, and according to the testimony of her mother she had been warned in common with her other children to look out for cars and trucks before crossing any street. The plaintiff had been playing around the house during the morning, and about 10 minutes or a quarter past 11 o'clock a little girl playmate by the name of Keenan, who resided on 158th street west of Amsterdam avenue, and near St. Nicholas avenue, called, and the plaintiff requested her mother to permit her to go with the Keenan girl and play with Mr. Woodward's little girls, who also resided on the southerly side of 160th street, four or five houses west of the plaintiff's house. Her mother told her that she could go if she would be home at dinner time. Mr. Woodward had a large lot and a lawn, and the plaintiff had been accustomed to play there. The plaintiff and the Keenan girl then proceeded along the southerly walk towards Woodward's, but before they arrived there the Keenan girl said that the Woodward girls were not at home, and requested plaintiff to go over to her house, which they did without the knowledge of plaintiff's mother. They played together at Keenan's house for a while, when Mr. Keenan directed his daughter, the plaintiff's playmate, to go on an errand for him to a tobacco store on the easterly side of Amsterdam avenue, and a block or a block and a half south of 158th street. The plaintiff and the Keenan girl went to the tobacco store, and when they arrived at 158th street returning the plaintiff informed her playmate that her mother had directed her to be home to dinner, and said, "I think I will go home to my dinner," and the girls separated at the southeasterly corner of 158th street and Amsterdam avenue, each starting for her own home. According to the testimony of the plaintiff, she looked up and down Amsterdam avenue before leaving the easterly curbstone, to see if there were any cars or wagons in her way, and, not discovering any, she started to cross the avenue along the southerly cross-walk of 158th street. She says, "The first thing, as I was walking along, that attracted my attention, was when some man hollered"; that she looked up, and saw that the man who "hollered" was a colored man, and that he was on a truck on the easterly side of Amsterdam avenue, above 158th street, and just at this time she was struck by the car. The plaintiff's testimony that she looked up and down the avenue before starting to cross is corroborated by two eyewitnesses, and her testimony that she was crossing on the line of the southerly cross-walk was corroborated by the testimony of several eyewitnesses. Other evidence was given on the part of the plaintiff tending to show, and sufficient to justify a finding, that the car was running at the speed of the cable—eight or nine miles an hour; that the gripman was not looking ahead; that no gong was sounded, or other signal given; and that plaintiff had reached the middle of the track when she was struck. Some evidence was given upon the part of the defendant tending to show that the plaintiff ran upon the track in front of the car from behind a vehicle at a point a little north of the northerly cross-walk, but the preponderance of the evidence is to the effect that the accident occurred on the line of the southerly cross-walk, and that there was no obstruction to the view of the gripman.

Counsel for the defendant, by a motion for a nonsuit and for a direction of a verdict, and an exception to the denial of each, reserved the point that no negligence on the part of the defendant was shown. These exceptions are presented by the points, but were not urged upon the argument of the appeal. They require no special consideration, for the evidence fairly justified the finding of negligence on the part of the defendant.

Various exceptions taken to the charge are urged as grounds of reversible error, and require consideration. Counsel for the defendant requested the court to instruct the jury:

"That if the mother of the plaintiff, in whose charge she was, did not exercise ordinary and reasonable care in allowing the plaintiff to leave her home and go upon the street unattended on the day the accident happened, or was guilty of any negligence whatever which in any way contributed to the happening of the accident, then your verdict must be for the defendant."

The court refused to so charge upon the grounds that the point was fully covered by the main charge, and the request as framed was somewhat misleading, and defendant excepted. The court, in the main charge, had clearly instructed that, if they should reach the question of contributory negligence, it would be necessary for them to determine from the evidence whether the plaintiff was non sui juris, which he defined to mean that she was without discretion or ability to care for her own safety, and said:

"The law does not require an infant, before reaching the age of discretion, to exercise discretion, but it imposes upon the parent or guardian the duty of using reasonable care to protect those incapable of protecting themselves, and, if they fail to exercise such care, and the infant is thereby brought into danger, and suffers injury from the negligent act of another, their negligence is deemed the negligence of the infant. Now, was the child non sui juris? In other words, did it have, when the accident occurred, discretion or ability to care for its own safety? If you find that it did not, then you must determine from the evidence whether or not its parents were negligent in permitting the child to be brought into the situation which subjected it to the hazard and result of injury. The burden of proving that the child was not subject to such hazard is upon the plaintiff, and it will be your duty to determine from the evidence whether the child's parents exercised such care and caution in the manner of taking care of the child as would be expected to be exercised by ordinarily prudent parents in the same circumstances. If you believe they did not, and you further believe that the child was non sui juris, the negligence of the parents is deemed the negligence of the child, and in that event you must render a verdict in favor of the defendant; but, if you find that the parents of the child did exercise such care, then any negligence of the child cannot be considered by you. If you find that the child was non sui juris, but that it exercised the degree or care and caution required of a person sui juris—that is, one possessing sufficient discretion and ability to care for its own safety—then the negligence of the parents, if you find from the evidence that there was any, in permitting the child to be in the street, is immaterial, and it is no defense to the action. If you find that the child was sui juris, then you must determine from the evidence whether or not she observed the degree of care proper to her age and condition; and, if you believe that she did not, you will render a verdict for the defendant. The law does not exact or require the same degree or care or circumspection in a child of tender years as it expects and requires in an adult. * * * If you believe that the plaintiff was sui juris, and that she was injured while attempting to cross the defendant's tracks, it is for you to say from the evidence whether or not the plaintiff might have crossed the track in safety in the exercise of such care as was reasonably to be expected in one of her age, had it not been for the alleged careless-

ness of the gripman; provided, of course, you believe the gripman was negligent. The burden of proving the absence of contributory negligence is upon the plaintiff, and she must establish that in order to recover, just as much as to prove that the defendant's negligence was the sole cause of the accident. And if you find that the evidence upon this proposition is evenly balanced, so that it does not preponderate in favor of one side or the other, in that event, gentlemen, it will be your duty to render a verdict for the defendant. On the other hand, if you believe that the plaintiff has sustained the burden of proof as to the question of contributory negligence, and that the negligence of defendant's gripman was the direct and sole cause of the accident, then, and only then, will you proceed to the consideration of the question of damages."

The court thus left it to the jury to decide as to whether the plaintiff was sui juris or non sui juris, and it was not claimed by the defendant that the plaintiff could or should, as matter of law, be declared sui juris or non sui juris. We think the learned trial justice was, therefore, right in saying that he had fully charged the jury on the point presented by this request, so far as the defendant was entitled thereto, and that an instruction in the form requested might have confused or misled the jury. It is to be borne in mind that the question as to whether the plaintiff was sui juris or non sui juris had not been determined, and it will be observed that this request was general, and not conditional upon the jury finding the plaintiff non sui juris. If charged, it would have been, in effect, an instruction to the jury that, even though they should find that the plaintiff was sui juris, yet, if her parents were guilty of any negligence, there could be no recovery. It may be said in answer to this argument that, if the plaintiff was sui juris, her parents could not be chargeable with negligence in allowing her to go upon the street, and, technically, this is doubtless so, but the jury had not been so instructed, and would not understand that, and it is manifest that this was not the purpose of the request, since the court had already instructed the jury that, if the plaintiff was not sui juris, and her parents were guilty of negligence, that such negligence was imputable to her. The court followed the Court of Appeals in charging that, if the plaintiff was non sui juris, she could not be charged with personal negligence, and, in that event, the question of contributory negligence depended upon whether or not her parents were negligent. Neun v. Rochester Railway Co., 165 N. Y. 146, 58 N. E. 876. No exception was taken to the charge that, if the child was non sui juris, but exercised that degree of care and precaution required of a person sui juris, then, even if there was negligence on the part of the parents, that would not bar a recovery. The court in this part of the charge was stating the general rule of law that, even though a child be non sui juris, and its parents be negligent, yet, if the child in fact does exercise a degree of care and caution such as would have permitted a recovery by an adult, the negligence of the parents would not be a proximate cause of the accident, which would then be due alone to the negligence of the defendant, if the defendant were negligent. Huerzeler v. C. C. T. R. R. Co., 139 N. Y. 490, 493, 494, 34 N. E. 1101.

It may be that the care and caution exercised by the plaintiff would not have established freedom from contributory negligence on the part of an adult, and that this general proposition of law was errone-

ous as applied to the case at bar; but, as has been observed, it was neither excepted to nor was the attention of the court drawn to this point, and, if it had been, the statement might have been withdrawn, or the jury might have been instructed favorably to the defendant. The contention of counsel for defendant upon the trial was that, if the plaintiff was sui juris, she was bound to exercise the care of an adult, and he excepted to the charge that she was only bound to exercise such care as would be proper to her age and condition, and that the jury were to determine whether she could, by the exercise of such care as would be reasonably expected from one of her years, have avoided the accident; and this is also the contention of counsel for the defendant on the appeal, and he cites as authority to sustain his position the cases of McDonald v. Railway Co., 80 App. Div. 234, 80 N. Y. Supp. 577, and Charlton v. 42nd St., etc., Ry. Co., 79 App. Div. 547, 80 N. Y. Supp. 174, decided by this court. In these cases the rule was so stated, but the infants were 12 or more years of age, and, as appears by the opinions, considerable importance was attached to that fact. This court has, however, in the case of Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657, declared the law to be that an infant sui juris is chargeable with contributory negligence, but that in determining whether he is guilty of contributory negligence his acts are to be considered with reference to his age and the degree of care that may reasonably be expected to be exercised by one of his years; and, while there is considerable confusion, if not conflict, in the decisions upon this question, both in the Appellate Division and Court of Appeals, I think that this is the sound rule, and that it is sustained by the weight of authority. Costello v. Third Ave. R. R. Co., 161 N. Y. 317, 323, 55 N. E. 897; Zwack v. N. Y., L. E. & W. R. R. Co., 160 N. Y. 362, 54 N. E. 785; Swift v. The Staten Island Rapid Tr. Ry. Co., 123 N. Y. 645, 25 N. E. 378; Stone v. Dry Dock, etc., R. R. Co., 115 N. Y. 104, 111, 21 N. E. 712; McGovern v. N. Y. C. & H. R. R. Co., 67 N. Y. 417; Thurber v. Harlem B., M. & F. R. Co., 60 N. Y. 326; O'Mara v. Railroad Co., 38 N. Y. 449. This confusion has doubtless arisen from applying to civil actions the rules of law applicable to criminal prosecutions. By the Penal Code an infant under the age of 7 years is not capable of committing crime, and infants over 7 and under 12 are presumed to be incapable; but this presumption may be overcome by proof of sufficient capacity to understand the act and know its wrongfulness (Pen. Code, §§ 18, 19), but otherwise one is ordinarily presumed to be responsible for his acts, and the burden of proving that he is irresponsible is upon him (Id. § 17). There is a material difference between the degree of intelligence to know the nature and quality of an affirmative act, and to know that it is wrong and the degree of intelligence which precludes, on account of contributory negligence, a recovery of damages in a civil case for injuries inflicted through the negligence of another. The question, when it arises in a negligence case, of whether an infant was sui juris or non sui juris, is only important in determining whether the infant is to be held responsible for his own contributory negligence, in which case freedom from personal negligence on his part only must be shown, or only for the

negligence of his parent or guardian, in which case freedom from negligence on their part only must be shown; and it depends upon whether he is of such age and intelligence that an ordinarily prudent parent or guardian would permit him to go about upon the public streets alone. If he is not, then the question of contributory negligence hinges upon the conduct of the parent or guardian, and, if the parent or guardian has exercised that reasonable degree of care and diligence in keeping the infant from places where harm may befall him that would be exercised by parents or guardians of ordinary prudence under like circumstances, then those who negligently injure the infant must respond in damages; and, if the parent or guardian has failed to exercise this degree of care, it is imputable to the infant, and precludes a recovery, unless the infant exercised that reasonable degree of care and caution that would have been exercised by an ordinarily prudent adult under like circumstances. If, however, the infant possessed sufficient age and intelligence to render it prudent for the parent or guardian to permit him to go about on the public streets unaccompanied, then he is said to be sui juris, and it is only his own contributory negligence which will defeat a recovery for injuries negligently inflicted by another. At the outset, upon proof of the age alone, there may be a presumption that the child is non sui juris or sui juris, based upon the common law in applying by analogy the penal statutes of the state; and such presumption may be rebutted by proof of want of ordinary capacity. It may sometimes be disposed of as a question of law, but is often a question for the jury. What the presumption on that point was in this case, and how it was affected by other evidence, and whether the question of sui juris or non sui juris should have been decided by the court, are questions not presented by this appeal. The question as to whether this infant of six years, if deemed sui juris by the jury, was to be held accountable for her conduct as if she were an adult, is before us. I think she was free from contributory negligence, assuming her to be sui juris, if she exercised that degree of care and caution which would have been exercised by an ordinarily prudent child of her own age and intelligence under like circumstances; or, in other words, as might be reasonably expected of her in view of her age and intelligence. We may take judicial notice that children in going along upon a street, even though they are of sufficient age and possess sufficient intelligence to render it prudent for the parent or guardian to permit them to go about alone, engage in sport and play, and are otherwise attracted and diverted from exercising that degree of care and caution for their own safety that is exercised by ordinarily prudent adults. While children who are sui juris are chargeable with contributory negligence, and must exercise care for their own safety, it will not do to hold them responsible for the same degree of care as is exercised by ordinarily prudent adults, or to cast upon them the burden of showing that they are incapable of exercising such a degree of care. Of course, as with adults, the court may be justified in deciding that they have been negligent as matter of law; but neither court nor jury should judge them.

It is contended on the part of the appellant that the verdict, which

was for $12,000, is excessive. The injuries necessitated the amputation of plaintiff's left arm an inch below the elbow. The arm is practically useless. The scar has a tendency to make the nerves sensitive at that point, and there is a tender spot on the stump, and the plaintiff experiences a feeling as if pins and needles were going through the left hand, which has been removed. The development of the left shoulder and side are markedly less than that of the right,. leaving the left shoulder much lower, and this condition was exhibited to the jury. There was also evidence that the plaintiff's nerves have been seriously affected by the accident, and that she has been ill from nervous troubles nearly all the time since, down to the time of the trial in January last; that she is not able to comb her hair, or cut her food, or dress herself, and that for two or three years preceding the trial she had rested well, but before that her sleep was disturbed, and she complained of pains through her whole side and arms, and sometimes would wake up with pains; that she has suffered pain in her side and limbs from the time of the accident until she testified in the case, but not all the time. In these circumstances, while the verdict seems large, we cannot say that it is excessive, and we would scarcely be justified in reducing it.

At the request of counsel for the defendant, the court instructed the jury that there was no evidence in the case that would justify them in finding that the plaintiff suffered any other injury, as the result of the accident, than the loss of a part of her left arm. Counsel for the plaintiff subsequently requested the court to instruct the jury that there was evidence in the case "as to the atrophied condition of the muscles and lack of development," to which the court replied, "I recollect that fact now, gentlemen, and, if that is your recollection of the testimony, you may consider that in estimating the damages." Thereupon counsel for defendant said, "I except to that —that is, in allowing the jury to consider that at all as an element of damage." The court then inquired of counsel for defendant, "Do you ask me to instruct them not to consider it?" to which the only reply was, "I except to your honor allowing them to consider that as an element of damages, if they ever get to the question of damages." These exceptions are urged as constituting reversible error.

Counsel for the defendant should have requested the court to instruct the jury not to consider this evidence, since the court manifested a desire to do so, if that was desired. It may be, strictly speaking, there was no express evidence of an atrophied condition of the muscles, but there was express evidence that plaintiff had "hardly any" muscles on the left side, and, as already stated, there was a marked lack of development of that side. Whether this condition of the muscles of the left side was wholly due to lack of development, or whether in part there was a wasting away of the muscles owing to lack of exercise from the nonuse of the left arm was not specifically shown; but that there was, from lack of exercise, atrophy of the muscles of what remained of the left arm, may be presumed from. common knowledge. Moreover, if the purpose of the exception was. to present the point that there was no evidence of atrophy of the muscles, counsel for defendant should have been more specific, or ex--

plained his exception as presenting the point that the jury should not be allowed to consider the evidence, whatever it was, as an element of damage.

We find no error requiring reversal, and therefore the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., concurs. PATTERSON, J., concurs in result. INGRAHAM and HATCH, JJ., dissent.