SUMMERMAN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. STREET RAILWAYS—COLLISION WITH TEAM—NEGLIGENCE.

    Plaintiff, a boy 12 years old, while riding on the rear of a wagon, was injured by its being struck by an electric car.  He testified that when the wagon was on the track the car was a block away, and that the horse was going slowly.  The motorman (in business for himself at the time of the trial) testified that as he approached the crossing, going four or five miles an hour, the horse was going rapidly, and when first seen was eighteen feet ahead of the car; that as soon as he saw it he reversed, and the car, after striking the rear of the wagon without injuring it, went only five feet further.  He was corroborated by the motorman of another car, and the driver of the wagon testified that his horse took fright, he was unable to control it, and it dashed in front of the car. *Held*, that there was nothing to show negligence of the street railway company.

    Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

    Action by Summer Summerman, by guardian, against the Interurban Street Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

    Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

    Henry W. Goddard and William E. Weaver, for appellant.   Alex. A. Tausky, for respondent.

    FREEDMAN, P. J.   This is an action to recover for personal injuries occasioned by the alleged negligence of the defendant.   The plaintiff, a boy about 12 years of age, was stealing a ride upon the tail end of a wagon drawn by one horse and driven by one McLaughlin. Plaintiff testifies that he got on the wagon at the corner of Norfolk and Rivington streets; that the wagon was going west towards the Bowery; that he was sitting in the back of the wagon; that when he got to the corner of Rivington street and the Bowery he first saw the car that hit the wagon at Delancey street, and that the wagon was then right on the track.   He further says that the horse was going slowly, that the car struck the wagon, and he fell or was thrown out, receiving the injuries complained of.   He was not corroborated by any other witness, and no other witness was sworn in his favor. The motorman (not in the employ of the company at the time of the trial, but in business for himself) testified that he was going north with his car, and that as he approached Rivington street he was moving at the rate of four or five miles an hour; that the horse attached to the wagon in which the plaintiff was sitting was going at a rapid rate, and that it was about eighteen feet ahead of his car when he first saw it; that it drove immediately in front, and had got over the track when the car struck the rear wheel of the wagon; that as soon as he saw the wagon attempt to cross he reversed his power, and tried to stop the car, the car going only about five feet after it struck the wagon.   The wagon was uninjured.   The motorman was

.corroborated by a motorman upon a south-bound car, who saw the collision. The driver of the wagon testified that when his horse got to the corner of Rivington street and the Bowery it took fright; that he was unable to control it, and it dashed in front of the car.

It is difficult to see upon what theory the plaintiff can uphold this judgment upon the facts as disclosed by this testimony. If we assume that negligence of the driver of the wagon, if any there was, is not to be imputed to the plaintiff (Lafferty v. Met. St. Ry. Co., 85 App. Div. 592, 83 N. Y. Supp. 405), nevertheless the defendant must be shown to have been guilty of negligence in order to enable the plaintiff to recover. In what, therefore, did the defendant's negligence consist? It is hardly to be believed that the car was at or about Delancey street when the wagon was "right on the track," as testified by the plaintiff, for, if so, we must believe that the car proceeded nearly or quite a block while a portion of the wagon was crossing the car track, which is highly improbable. There is nothing to show that the car was not under control, or that it was going at an unusual or excessive rate of speed, nor that the wagon reached the track in time to cross in safety had the car been under complete control of the motorman. That the car was under control is strongly evidenced by the fact that it proceeded a distance of only five feet after striking the wagon and that the wagon was uninjured; and the most reasonable deduction from the testimony is that it was an unavoidable accident, for which neither the driver nor defendant was to blame.

Plaintiff's attorney has handed up a brief of eight typewritten pages, presenting six points for the consideration of the court, but in no way does he make it apparent in what respect the defendant was negligent, nor point out any testimony in the case from which negligence can be inferred. The mere happening of an accident is no proof of negligence.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.