and, the record failing to show any modification acquiesced in by the mortgagee, he took a clear title to the premises as they existed at the date of the mortgage, and the plaintiffs, as his successors in title, have the right to maintain this action.

The judgment appealed from should be affirmed.

Judgment affirmed, with costs.   All concur.

(98 App. Div. 133)

## KAPLAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   November 18, 1904.)

1. STREET RAILROADS—PERSONS ON TRACK—INFANTS—DEATH—NEGLIGENCE—QUESTION FOR JURY.

In an action for death of an infant six years of age while crossing a street railway track, evidence reviewed, and *held* to require submission to the jury of the question whether defendant's driver saw, or by exercise of due care could have seen, deceased on the track, or about to cross, in time to have stopped the car or to have avoided the accident.

2. SAME—INFANTS—NON SUI JURIS.

Where decedent was only six years of age at the time he sustained injuries in a collision with a street car, from which he died, it will be presumed, in the absence of evidence to the contrary, that he was non sui juris, and could not, therefore, be guilty of contributory negligence.

3. SAME—NEGLIGENCE OF PARENTS.

Decedent's mother on the afternoon of his death accompanied her three children to a park, and permitted decedent to accompany his older brother and play with other boys within the park, but cautioned them not to go near East river, which was adjacent thereto. The boys disappeared from her view in the park, and went near the river, and, in returning, decedent was killed while crossing a street car track. *Held*, that decedent's mother was not guilty of contributory negligence, as a matter of law, in not exercising proper care for the safety of the child.

Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Groiman Kaplan, as administrator of the estate of Israel Kaplan, deceased, against the Metropolitan Street Railway Company. From a judgment dismissing the complaint at the close of all the evidence, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Morris Cukor, for appellant.
Charles F. Brown, for respondent.

LAUGHLIN, J.   This is a statutory action to recover damages for the death of Israel Kaplan, alleged to have been caused by the negligence of the defendant.   On the 15th day of July, 1899, the decedent, who was then six years of age, while crossing upon the north-bound or easterly track of the defendant in South street, at the foot of Market street, was struck by one of the horses attached to a north-bound car, and run over by the car, inflicting injuries which resulted in his death.   It was on Saturday—a bright, pleas-

ant day—and the accident occurred between 1 and 3 o'clock in the afternoon. The family consisted of a father, mother, and two other children—a boy of eight years and a girl one year old. The father was at work. About 1 o'clock in the afternoon the mother accompanied her three children to Rutger's Park, about a block and a half from their home, on Waters street. The plaintiff gave evidence tending to show that after they arrived at the park the mother permitted the decedent to accompany his elder brother and play with other boys within the park, and cautioned them not to go near East river, which is adjacent thereto; that the mother remained with the little girl, and the boys disappeared from her view, playing around the park; that within half an hour the elder boy returned to his mother, and informed her of the accident to the decedent, which occurred at the foot of Market street, two blocks distant from the park; that immediately prior to the accident the decedent and his brother were in a crowd of from five to twenty boys coming from Pier 37, East river, toward Market street, within the lines of that street continued.

The testimony of some of the witnesses is to the effect that as the boys approached and crossed the track they were walking, and of others that they were running, being chased by the person in charge of a bathhouse on the pier; and they were in plain sight of the driver. The inference is that some were ahead of others, but that all crossed the tracks in the same general direction, toward Market street, at the usual crossing from Market street to the pier and vice versa. The other boys crossed the track in safety, but the decedent, who was last, and close behind, was struck between the rails. There is evidence that as he was about to step on the track the car was 20 feet distant, and that it was 10 or 12 feet distant when he was in the middle of the track. The driver testified that he could stop the car within 6 or 7 feet. Evidence was given tending to show that no effort was made to stop the car until after the boy was struck. On the entire evidence, a question of fact was presented for the determination of the jury—as to whether or not the driver did not see, or would not have seen, had he exercised due care, the boy upon the track, or about to cross, in time to have stopped the car or to have avoided the accident. The negligence of the defendant, therefore, was a question for the jury.

The boy being only six years of age, the presumption is that he was non sui juris (Costello v. Third Ave. R. Co., 161 N. Y. 317, 55 N. E. 897; Tucker v. N. Y. C. & H. R. R. Co., 124 N. Y. 308, 26 N. E. 916; Zwack v. N. Y., L. E. & W. R. Co., 160 N. Y. 362, 54 N. E. 785); and there is no evidence to rebut the presumption, at least as matter of law. It must therefore be assumed, for the purpose of deciding the correctness of the nonsuit, that he was non sui juris, in which case negligence cannot be imputed on account of his own failure to exercise care. Lafferty v. Third Ave. R. Co., 85 App. Div. 592, 83 N. Y. Supp. 405, and cases cited; affirmed 176 N. Y. 594, 68 N. E. 1118. The case, therefore, should have been submitted to the jury, unless the mother of decedent was guilty of contributory negligence, as a matter of law. We are of

opinion that the question as to whether she exercised proper care for the safety of her child was also one for the jury. It cannot be affirmed, as a matter of law, that she should have foreseen the danger of decedent's accompanying the other boys down South street and across these tracks, or that she was called upon to further caution him and his elder brother. She permitted them to play only in the park, and cautioned them against going to the river, which she likely thought was the greatest danger. Of course, it could not be affirmed that the father was guilty of negligence, for he was absent, earning a livelihood for his wife and children, and it appears that he had cautioned the boys against going to the river without one of their parents. Doubtless, through their interest in play, or at the suggestion of others, they disobeyed these instructions, for they did go near the river, and were returning from it when the accident occurred.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.