(121 App. Div. 571.)

### PITTEL v. BURKHARD.

(Supreme Court, Appellate Division, Second Department.　October 18, 1907.)

NEGLIGENCE—CHILDREN—CAPACITY—QUESTION FOR JURY.

In an action for injuries to a girl a little over six years of age, whether she was sui juris *held* properly submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 347–348.]

Appeal from Trial Term, Kings County.

Action by Julia Pittel, an infant, by Frank Pittel, her guardian ad litem, against Jacob Burkhard. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John Vernou Bouvier, Jr., for appellant.
John B. Stanchfield, for respondent.

RICH, J.　This action is brought to recover damages sustained by an infant six years of age in consequence of being run over by one of defendant's loaded trucks.　There is sufficient evidence to sustain the finding of negligence on the part of defendant's driver of the truck, and that at the time of the accident the driver was the servant of defendant.　The learned trial justice submitted to the jury as a question of fact whether the infant was sui juris or non sui juris, charging them that:

"If you find that the driver of this truck was the servant of Jacob Burkhard, the defendant, and that he was guilty of negligence in moving the truck at the time and in the way that he did, and that that negligence injured this little child, and that this little child, if sui juris, exercised that reasonable degree of care which children of that age, intelligence, and experience ordinarily do exercise, or, if non sui juris, that the parent exercised that reasonable degree of care which people of ordinary prudence exercise under similar circumstances, in permitting the child to be upon the street, then this plaintiff is entitled to a verdict.　Unless you find all three of those things, then the defendant is entitled to a verdict."

No exceptions were taken to this part of the charge, although defendant excepted to the submission to the jury of the question whether the infant was or was not sui juris, at the close of the evidence. It is now urged that it was error to leave to the determination of the jury the question of whether the infant plaintiff was sui juris or non sui juris, as there was no evidence before it upon that question beyond the fact that at the time of the injury she was a little over six years of age, and their determination of this question is the result of mere speculation.　The child was not called as a witness, and, so far as the record shows, was not present in court or seen by the jury; but her parents testified to instructions given her and their observation of her conduct while playing in the street, which, in addition to the presumption arising from her age that she was non sui juris, required the submission of the question to the jury as one of fact, and is

sufficient to support the verdict.    Kaplan v. Metropolitan Street R.
Co., 98 App. Div. 133, 90 N. Y. Supp. 585; Gerber v. Boorstein, 113
App. Div. 808, 99 N. Y. Supp. 1091; Costello v. Third Avenue Rail-
road Co., 161 N. Y. 317, 55 N. E. 897.

There are no prejudicial errors disclosed by the record, and the
judgment and order must be affirmed, with costs.    All concur.