HERRON *v.* MAMA COAL COMPANY.

Opinion delivered April 12, 1920.

1. MASTER AND SERVANT—ASSUMED RISK.—Where a driver in a coal mine was injured while riding on the front end of the trip after he had been warned not to do so and had been instructed not to ride there, he assumed the risk.

2. MASTER AND SERVANT—ANSWER PLEADING ASSUMED RISK.—Under an answer which set out the facts constituting assumed risk, although the defense was not in specific terms so designated, it was not error to instruct the jury as to the defense of assumed risk.

3. NEGLIGENCE—PARENT'S NEGLIGENCE.—A parent is guilty of contributory negligence as a matter of law where he permits his infant son to work in a place he knows to be dangerous, or consents thereto, provided the child is of such tender age, as to be incapable of contributory negligence; but this doctrine has no application where the infant is of sufficient age and capacity to exercise discretion in its own behalf, in which case it is only the infant's contributory negligence which will bar recovery.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; reversed.

*Ben Cravens* and *Ira D. Oglesby,* for appellant.

1. The answer did not raise the issue of assumed risk and the court erred in submitting that issue to the jury. 98 Ark. 211.

2. The court erred in giving instruction No. 3 to the jury. 77 Ark. 398; 68 *Id.* 1; 72 *Id.* 1; Thompson on Negl., § 303; 88 Pac. 35; 29 Cyc. 522-3; Kirby & Castle's Digest, § 5484.

*Holland & Holland* and *A. A. McDonald,* for appellee.

1. The court correctly instructed the jury and there is no error. 98 Ark. 211; 77 *Id.* 367; 83 *Id.* 576; 86 *Id.* 507; 88 *Id.* 243.

2. The doctrine of assumed risk is applicable to minors. 46 S. E. 802; White on Personal Injuries in Mines, § 175; 29 Cyc. 541.

3. A parent suing in his own behalf can not recover for the negligent killing of his infant child, if he was guilty of contributory negligence. 68 Ark. 1; 72 *Id.* 1; 77 *Id.* 398; 203 Fed. 644.

4. Instruction No. 3 for appellee, when taken in connection with others given, states the law and is not in conflict with Kirby & Castle's Digest, § 5484.

Recovery can not be had where the injury is the result of disobedience of warning on orders or notice. 29 Cyc. 525; *Ib.* 515, 541, 535; 3 Am. Law Rep. 1151; 62 Ark. 170.

WOOD, J. This action was instituted by the appellant against the appellee to recover damages for the alleged negligent killing of appellant's son by the appellee.

The appellant alleged that his son, Curtis Herron, a minor seventeen years of age, was killed while in the employ of the appellee, by the negligent conduct and acts of appellee, through its servants and agents; that the appellee failed to instruct said minor as to the manner in which his work as a driver should be performed, and the dangers of the position in which he was at work as a driver of its cars, in the mine, and that the appellee neg-

ligently permitted the wheels, car bed and axles of the cars to be out of repair; negligently permitted the track over which the cars were pulled to be kinked, uneven, the rails not properly placed on ties, and placed upon a roadbed that was insufficient and unsafe and upon a track that was crooked, and that the entry way through which the cars were driven was too narrow, and that by reason of this negligence Curtis Herron was thrown or caused to fall from one of the cars he was driving; was caught under the wheels of said car and killed.

The appellee in its answer denied the allegations of negligence and alleged that Curtis Herron was fully instructed as to the dangers incident to his duty as a driver; fully instructed as to how he should perform his work, and warned not to ride on the front end of the trip, and warned that it was dangerous to do so, but, notwithstanding the warnings, the said Curtis Herron disregarded his instructions not to ride the front end of the trip, and rode same, and that his death was brought about by his failure to heed the warnings not to ride the front end of the trip, and in disregard of his own safety; that said Curtis Herron had been warned of the danger of riding the front end of the trip, and had been warned by his fellow-workmen in the trip he was driving at the time he met his death; and of the danger of said action, but he disregarded the warning and was killed in some unavoidable manner, as appellee alleges and believes, on account of his light being blown out, which caused said Curtis Herron to either jump from said car or to be thrown from said car, without the fault, carelessness or negligence of appellee.

The trial resulted in a judgment for appellee, from which is this appeal.

The appellant contends that the answer did not raise the issue of assumed risk; that the court erred, therefore, in submitting that issue to the jury under instructions No. 1 and No. 2.

It is unnecessary to set out and discuss in detail appellant's prayers for instructions No. 1 and No. 2, for we have reached the conclusion that the answer of the appellee contained allegations which were sufficient to raise the issue of assumed risk. While these allegations do not in specific terms allege that the appellant's decedent assumed the risk, yet the allegations of fact set forth in the answer were sufficient, if the facts were proved, to constitute assumed risk and to entitle the appellee to have the cause submitted to the jury on that issue. After setting out the facts which would constitute assumed risk, if proved, it was then unnecessary to designate the defense in specific terms as that of assumed risk. However, since the cause must be reversed and remanded for new trial on another assignment of error, which we will hereafter discuss, if the appellee so elects, it may by an amendment to its answer set out the facts and specifically allege that Curtis Herron under these facts had assumed the risk of the injury from which his death resulted.

The appellant next contends that the court erred in granting appellee's prayer for instruction No. 3, which is as follows:

"The court instructs you that, even if you should find that the place where the deceased was working at the time of his injury was dangerous, then if you should further find that the plaintiff was a man experienced in mining, and that his son worked with him in the mine, and that he consented for his son to occupy the position as driver, knowing that his son was inexperienced in that line of work, then under the law the plaintiff would not be entitled to recover on the cause of action alleged in his complaint for contribution to the next of kin, as the court tells you that the plaintiff, as the father of the deceased, is his only heir at law and that he can not recover on account of injuries sustained by his son due to being in a dangerous place where the father had permitted or consented for him to be."

The effect of this instruction is to tell the jury that if appellant, an experienced miner, knew that his son was

inexperienced as a driver in the mine and had permitted him to be employed or consented for him to be engaged in that line of work, appellant as next of kin could not recover.

The proof shows that Curtis Herron at the time of his death was nearly eighteen years of age; that he had been working as a coal digger in the room with his father and before his death had served four or five days extra as a driver. Appellant had never been in the entry where his son was killed before the accident occurred.

A father, in a suit for his benefit for the negligent killing of his child of tender years, may be chargeable with contributory negligence. *St. L. S. W. Ry. Co.* v. *Cochran,* 77 Ark. 398, and cases there cited.

A parent will be held guilty of contributory negligence as a matter of law where he permits, or consents, that his infant child be employed in an occupation, or place, which the parent knows to be dangerous, provided the child is of such tender age as to be incapable of contributory negligence, *i. e.,* of exercising ordinary care for its own safety. But that is not the case under the undisputed facts developed here. The instruction is erroneous.

The doctrine of implied negligence has no application where the infant is of sufficient age and capacity to exercise discretion in its own behalf. In such case it is only his own contributory negligence which will bar a recovery for injuries sustained. 29 Cyc. 552-53 B. See, also, Thompson on Negligence, §§ 306-308; *Lafferty* v. *Third Ave. R. Co.,* 83 N. Y. Supp. 405, aff. 176 N. Y. 594; *Louisville & N. & C. Ry. Co.* v. *Sears,* 38 N. E. R. 837.

There was no evidence to warrant the giving of the above instruction. The issue as to the negligence of the appellee and contributory negligence of Curtis Herron and the assumption of risk on his part, were all issues for the jury, as we view the facts.

The above instruction was in conflict with other instructions given at the instance of the appellant. It was abstract, erroneous, and the giving of the same was prejudicial error for which the judgment must be reversed and the cause remanded for new trial. It is so ordered.