JAMES BRENNAN, JR., by JOHN W. ROCHE, his Guardian ad Litem, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — collision between a car approaching at from ten to twelve miles an hour, without signal or diminution of speed, and a wagon standing on railroad tracks awaiting the passage of a car in the other direction on an adjoining track.*

In an action brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant, it appeared that the plaintiff, a boy seventeen years of age, was riding in his employer's delivery wagon, which was driven by a coservant, that they proceeded westerly along Forty-eighth street, in the city of New York, and that as they approached the defendant's car tracks on Sixth avenue they looked in both directions and saw a south-bound car near Forty-eighth street and a north-bound car a block or three-quarters of a block below them; that when the horse's feet were at the easterly track and the horse's head over that track, the driver waited for the south-bound car to pass; that after it had passed they started and saw that the north-bound car was then approaching at a rate of from ten to twelve miles an hour without giving any signal or diminishing its speed; that it was then about fifteen or twenty feet away, and that although the horse was urged forward, the fender of the car struck the rim of the hind wheel of the wagon with such force as to completely overthrow it and injure the plaintiff.

*Held*, that the plaintiff was not chargeable with the negligence, if any, on the part of the driver;

That the question whether the defendant was guilty of negligence should have been submitted to the jury.

APPEAL by the plaintiff, James Brennan, Jr., by John W. Roche, his guardian *ad litem*, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 18th day of February, 1901, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This is an action to recover for personal injuries sustained by James Brennan, Jr., a boy of seventeen years of age, who, while riding in his employer's delivery wagon, which was driven by a co-servant, was run into by one of the defendant's cars at the intersection of Forty-eighth street and Sixth avenue on April 29, 1900.

Both the boy and the driver testified that they were proceeding westerly along Forty-eighth street, and as they approached the Sixth avenue car tracks looked in both directions before attempting to

cross; that they saw a south-bound car nearing Forty-eighth street and a north-bound car which was a block or three-quarters of a block below them; that they stopped to let the south-bound car pass, and at that moment the horse's feet were beside or just east of the easterly rail of the up-town track and his head extended over the track; that when the south-bound car had gone by they started ahead and saw that the north-bound car was then approaching at a rate of ten to twelve miles an hour, and gave no signal and did not slacken up in speed; that it was then about fifteen or twenty feet away, and though the horse was hurried forward, the fender of the car struck the rim of the hind wheel of the wagon which was completely overthrown; that the plaintiff landed underneath the wagon while the driver fell between the shafts. The boy further testified that he felt alarmed when the driver started forward, but did nothing; that the driver also saw the car fast approaching and whipped up the horse.

Upon the evidence the defendant's counsel moved for a dismissal of the complaint on the ground that no negligence was shown on the part of the defendant, and that the evidence shows want of care on the part of the boy and the driver. This motion was granted, and the plaintiff's motions to go to the jury were denied and exceptions taken. From the judgment entered dismissing the complaint the plaintiff appeals.

*Gormly J. Sproull*, for the appellant.

*Charles F. Brown*, for the respondent.

O'BRIEN, J.:

The plaintiff was not the driver of the wagon and we find nothing in this evidence that he did, or which he omitted to do, which made him responsible for the accident. If we assume, without deciding, that there was some negligence on the part of the driver of the wagon, this would not preclude the plaintiff, for the driver's negligence is not to be imputed or attributed to the plaintiff. Nor do we understand that the defendant contends that the plaintiff was guilty of negligence as matter of law. Had he assumed to take the reins, or had he jumped from the wagon and been injured, it might

be urged that he was himself to blame for the injuries received. We have, therefore, to consider the single question of the defendant's negligence, and in this connection determine whether the driver of the wagon or the motorman of the car was responsible for the accident.

It appears that when the driver undertook to cross the tracks, the up-town car was at least three-quarters of a block away, and that it continued to proceed to Forty-eighth street without diminishing its speed. While it was going that distance, the driver of the wagon had, in attempting to cross, reached such a point that the horse's feet were at the easterly track and the horse's head over that track, where he stopped his horse and wagon, waiting for the passage of the south-bound car. After that had passed, he proceeded to cross and had almost reached a point of safety, as shown by the fact that the car came in contact only with the hind wheel. The inference that can be drawn from the testimony is that, during this interval of time, the motorman had not taken the slightest care to slacken the speed of the car and thus avoid colliding with the wagon. That the car was proceeding at a rapid pace is confirmed by the fact that, although it struck only the rim of the hind wheel, the impact was so great as to completely overthrow the wagon.

What no doubt affected the learned trial judge was that when the driver of the wagon started to cross, after he had stopped to permit the south-bound car to pass, the car at that moment was but from fifteen to twenty feet away. He overlooked the fact, however, that at that moment the driver of the wagon was in a position of danger and one which the motorman on the car, had he been looking, must necessarily have seen, because had the driver remained where he was and had the car attempted to pass, it would have struck the horse. It is, therefore, only by assuming that it was his duty to back the wagon from the track that the driver could have been held to have been negligent, and that such negligence alone caused the accident. Considering the right which he had to cross the street, he was not obliged to wait at the track an unnecessary length of time nor, in proceeding in full view of the car, was he entirely blamable for assuming that the motorman, seeing his peril, would not proceed without doing something to avert the collision. He had the right to assume that the motorman having seen him on the

track in a dangerous position would give him a chance to cross. He had waited for one car to pass, stopping his horse in plain sight of the other car and directly in its path. He then started ahead, evidently relying upon the motorman's exercising some care in approaching him; and, when he saw that the car was very near at hand, he whipped up his horse and almost succeeded in getting over the tracks without mishap. In spite of the position of the horse and wagon for some moments prior to the accident, however, the car came on without signal and at undiminished speed.

Upon the ground, therefore, that the plaintiff made out a case entitling him to have the question of the defendant's negligence submitted to the jury, it was error to dismiss the complaint, and the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and HATCH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.