Conrad Saxe Keyes, for appellant.
Harrison F. Johnson, for respondents.

PER CURIAM. We think that this case was correctly tried and properly submitted to the jury, and that the verdict of $250 in favor of the plaintiff should have been allowed to stand. There was evidence that the defendants undertook to prepare recesses in a brick wall, which should be high enough to receive the iron columns which the plaintiff and the ironworkers associated with him were employed to place therein; that they failed to make one of those recesses of sufficient height; that, in consequence of this insufficiency, the top of a column which the plaintiff and his companions were endeavoring to put in place struck the brickwork at the top of the recess, thus causing the fall of several bricks; and that these bricks in falling struck the plaintiff, and produced the injuries of which he complains.

This proof made out a case of negligence against the defendants. They knew, or ought to have known, the exact height of the columns. Having undertaken to prepare the recesses, it was their duty to ascertain the sufficiency of each recess by actual measurement, if necessary, before the ironworkers were called upon to insert the column therein. It was obvious, from the nature of the work, that a deficiency in the height of the recess, perhaps not readily discernible by the eye, might result in precisely such an accident as that which occurred in this case, when the ironworkers were engaged in trying to place in the recess one of these heavy columns.

We are also of opinion that the evidence on the question of contributory negligence was such as to make it proper to leave that question to the jury. The plaintiff testified that he thought "everything was safe to go on," and the space afforded by the recess looked wide enough, and that was the reason he went on. While engaged in the performance of duties that naturally absorbed his entire attention and required the exercise of all his energy, it cannot be held as matter of law that the plaintiff was guilty of contributory negligence in assuming that the defendants had made the recess long enough to receive the column, or in failing to notice that it was too short, when the defect in this respect was not plainly manifest.

The order setting aside the verdict should be reversed.

Order of the Municipal Court setting aside verdict reversed, with costs, and judgment reinstated.

---

(86 App. Div. 365.)

FISHER v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. STREET RAILWAYS—COLLISION WITH TEAM—NEGLIGENCE.
    The motorman of an electric car which runs into a wagon in a fog may be negligent in running at a high speed, though he discovers the peril as soon as possible, and does everything in his power to avert collision, as the peril, though not sooner discovered, might be averted but for the speed.

**2. SAME—CREDIBILITY OF WITNESS.**
　　The credibility of the motorman of a car which runs into a wagon, and who testifies that he discovered the peril as soon as possible and did everything in his power to avert collision, is for the jury.

**3. SAME—EVIDENCE OF SPEED—COMPETENCY OF WITNESS.**
　　A passenger on an electric car, a civil engineer of 11 years' experience, once connected with the railroad business, and accustomed to time the speed of cars by the watch, is competent to testify to the speed of the car.

Appeal from Trial Term, Westchester County.

Action by Anna Fisher against the Union Railway Company of New York City. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

W. J. Townsend, for appellant.

Chas. Pope Caldwell (Maurice E. Connally, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff was injured while a passenger on one of the defendant's cars, and which was run through a dense fog into a wagon on the track ahead of it. There was evidence that the car was running at the time as rapidly as 15 miles an hour. The only exceptions taken by the defendant were to the refusal of the learned trial justice to nonsuit the plaintiff, and to the evidence referred to as to the speed of the car.

Neither exception is availing. As to the first, it is urged that there was no negligence established, inasmuch as the motorman, according to his evidence, discovered the peril as soon as possible, and did everything in his power to avert the collision. This argument overlooks the fact that his credibility was a proper consideration for the jury. Moreover, the negligence asserted consisted in the speed of the car under foggy conditions, but for which the peril, even if not sooner discovered, might have been successfully averted. The question was submitted in a charge which was favorable to the defendant, and which included every request made by it.

The witness who testified to the speed of the car was a passenger on the occasion in question, a civil engineer of 11 years' experience, at one time connected with the railroad business, and accustomed to time the speed of cars by the watch. That such a person was competent to testify to the speed of a car has been frequently held, among other cases in Salter v. Utica & Black River Railroad Co., 59 N. Y. 631; Northrup v. New York, O. & W. R. Co., 37 Hun, 295, 299; Scully v. New York, L. E. & W. R. R. Co., 80 Hun, 197, 30 N. Y. Supp. 61; Strauss v. Newburgh Electric R. Co., 6 App. Div. 264, 39 N. Y. Supp. 998; Penny v. Rochester R. Co., 7 App. Div. 595, 40 N. Y. Supp. 172; and Garduhn v. Union Railway Co., 50 App. Div. 602, 64 N. Y. Supp. 210.

¶ 3. See Evidence, vol. 20, Cent. Dig. § 2202.

The damages cannot be regarded as excessive, notwithstanding there was no proof of permanent injury.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.