It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN for a reversal of this judgment. As the first ground of reversal I think the question asked the witness Murphy, who was an expert called by the plaintiff, that, "Under the circumstances that I have detailed to you, was the structure built there safe for a man to work?" was clearly incompetent. That was specifically objected to upon the ground that it was not subject for expert testimony, calling on the witness to pass on the very facts that ought to be submitted to the jury. The objection was overruled, and the plaintiff excepted, and the witness answered that it was not. I think this question was incompetent, and not within the principle established by Finn v. Cassidy, 165 N. Y. 584, 59 N. E. 311, 53 L. R. A. 877. The questions which were sustained in that case were questions by which an expert was asked to state the proper method of construction where it was alleged that in consequence of an improper method of construction the place in which the plaintiff was put to work was rendered unsafe, and "How, in your opinion, ought that excavation to have been made so as to be safe for persons working in the bottom of the same?" These were said to be subjects for expert testimony, but when you ask an expert witness whether, in his opinion, the place at which the employé was put to work was a safe and proper place, the question is, in effect, whether or not the plaintiff is entitled to recover; and it has never been held that such a question was proper. As to how the excavation should have been protected is a question which an expert could answer, and the jury having this knowledge, with evidence of the method that had been adopted, must determine whether or not the place at which the plaintiff was directed to work was in fact a safe place. To allow the question which was asked in this case went further, and asked the witness, not as to the methods adopted, but as to whether the place at which the plaintiff was put to work was in fact a safe place for him to work. That question was necessarily a question of fact for the jury to be determined by them upon the evidence, and not a question upon which expert witnesses could be interrogated.

I also agree with Mr. Justice McLAUGHLIN that it is error to allow the plaintiff to show that the person who constructed the sheathing was discharged the day after the accident.

---

(91 App. Div. 158.)

### ROBINSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. STREET RAILROADS—COLLISION WITH TRUCK—IMPUTED NEGLIGENCE.
    Negligence of a truck driver, for whom plaintiff was not responsible, and with whom he was riding when injured in a collision with a street car, could not be imputed to him, and would not defeat his recovery for negligence of the motorman.

---

¶ 1. See Negligence, vol. 37, Cent. Dig. § 147.

**2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**

    Plaintiff, a boy of nine years, was on the seat of a truck with the driver, when they were struck by a car at a street intersection, and he was injured. He apparently neither said anything to the driver, nor drew his attention to the car, and made no attempt to jump from the seat. There was evidence, however, from which it might be fairly inferred that the truck reached the track in time to pass in safety if the motorman had had the car under control. Held, that his contributory negligence was a question for the jury.

    Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by William Robinson, by Bridget Robinson, his guardian ad litem, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 84 N. Y. Supp. 1143.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Edward A. Alexander, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. Between 8 and 9 o'clock in the evening on the 20th day of November, 1901, a south-bound car of the defendant on Second avenue collided with a vehicle passing westerly on Thirty-Second street across the track upon which plaintiff was riding, precipitating him to the street, and inflicting the injuries of which he complains. The vehicle was a double dumping truck belonging to the firm of Holbrook, Cabot & Daly, and the driver was in their employ. A short time before the accident the plaintiff and other boys were playing in the vicinity of Thirtieth street and Third avenue, and, observing the loaded truck passing easterly on Thirtieth street to the dumping ground at the East river, they asked the driver for a ride. He stopped and let two of the boys on, and informed the others that, if they would follow, they might ride when he unloaded the truck. Pursuant to this suggestion, the plaintiff and others followed, and when the truck was unloaded the driver permitted them to get aboard; and the plaintiff climbed onto the seat in front, to the driver's right. The truck then proceeded back through Thirtieth street, up First avenue, and over Thirty-Second street, with the horses on a trot. Evidence was given on the part of the plaintiff tending to show that when the horses were passing the easterly curb line of Second avenue the car had reached a point about 100 feet north of the northerly crosswalk, or in the middle of the block, and its speed is variously described as "fast," "rapidly," and "very rapidly." The driver was in a position to observe the car, but there is no direct evidence as to whether he looked or discovered its approach. The evidence indicates that at this time he was in the act of urging his horses with the lines. The evidence is ample to justify a finding on the part of the jury that the truck continued on at the same or increased speed, and that the car continued with unabated speed—the motorman making no effort to stop—and struck the rear

end of the wagon after the horses and forward end of the wagon had passed over the track. The crash of the collision was so loud that it was heard by a person in the corner drug store, over 20 feet from the front of the store; and witnesses say that the force of the collision threw the truck over against the elevated pillar in the middle of the street, to the west of the track. Evidence was given on the part of the defendant tending to show that the horses were proceeding very rapidly, and on a gallop. We are not concerned with the question whether the driver of the truck was negligent, for it does not appear that the plaintiff was in any manner responsible for the conduct of the driver, and the negligence of the latter could not be imputed to him, and would not defeat a recovery. Morris v. Met. St. Ry. Co., 63 App. Div. 78, 71 N. Y. Supp. 321; Brennan v. Met. St. Ry. Co., 60 App. Div. 264, 69 N. Y. Supp. 1025. Nor can it be said that the plaintiff was guilty of contributory negligence, as matter of law. He was only nine years of age, and the standard for judging his conduct is not the care that would be exercised by an adult, but only that of one of his age, of courage, intelligence, and ordinary prudence. Lafferty v. Met. St. Ry. Co., 85 App. Div. 592, 83 N. Y. Supp. 405, affirmed in 177 N. Y. ——, 68 N. E. 1118. It does not appear that he said anything to the driver, or drew his attention to the car. Whether he should have done so, or should have attempted to jump from the high seat, which would have been perilous in these circumstances, was a question for the jury. Hoag v. N. Y. C. & H. R. R. Co., 111 N. Y. 199, 18 N. E. 648; Kettle v. Turl, 162 N. Y. 258, 56 N. E. 626. Moreover, there was evidence from which it might fairly be inferred that at this crossing, where the rights of the truck and of the street car were equal, the truck reached the track in time to pass in safety if the motorman had had the car under control, as was his duty; and in such circumstances it cannot be said, as matter of law, that the plaintiff, in view of his age, was not justified in assuming either that the driver was aware of the approach of the car, or that the truck would pass in safety.

We have examined the evidence concerning the injuries sustained by the plaintiff, and are of opinion that the verdict is not excessive. The other exceptions to which our attention has been drawn have been considered, but we are of opinion that they present no error prejudicial to the defendant.

It follows that the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). I do not concur in the affirmance of this judgment, as I do not think that the evidence is sufficient to justify a finding that the defendant was negligent. So far as appears, the truck upon which the plaintiff was riding drove in front of the car when the car was but a short distance from the truck, and there is nothing to show that the motorman could have stopped the car in time to avoid the collision. I think it is quite apparent that there is nothing to show that the motorman did not, as soon as it was apparent

that the truck would cross in front of the car, do all that he could to avoid the accident, and nothing to show that the collision was not solely caused by the action of the driver, without fault of the defendant. The fact that the truck was at the easterly curb line at Second avenue when the car had reached a point about 100 feet north of the street would not justify a finding of negligence, as there was nothing then to indicate that the driver of the truck intended to cross in front of the car, instead of waiting, as he should have done, until the car had passed.

I think the judgment should be reversed.