CELIA ZALOTUCHIN, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1907.

1. STREET RAILWAYS: Collision: Crossing: Care: Signals. The motorman of a street railway car cannot approach a crossing where he had a right to anticipate the presence of vehicles and pedestrians without looking out and giving warning of the car's approach.

2. ————: ————: ————: Evidence: Physical Facts: Driver's Negligence. Testimony utterly at war with physical facts and

127 App—37

Zalotuchin v. Met. Street Ry. Co.

laws within the knowledge of common experience will be disregarded, and a driver is held guilty of negligence in attempting to cross in front of a car, notwithstanding his testimony.

3. ——————: ——————: ——————: **Driver's Negligence: Passenger: Remote Cause.** Where a motorman of a street car is negligent in approaching a crossing and the driver of a wagon is likewise negligent and a passenger in the wagon is injured by such concurring negligence, the car company will be liable though the motorman's negligence was the remote cause.

4. ——————: ——————: ——————: **Imputed Negligence of Driver: Passenger.** On the facts in the case the plaintiff was a passenger in the wagon struck in the collision, since she had no power to control the movements of the vehicle and the driver was not actually or theoretically her agent.

5. ——————: ——————: ——————: **Driver's Negligence: Contributory Negligence: Minor.** *Held*, the question whether a girl of sixteen riding in a vehicle driven by her step father and accompanied by her mother, was guilty of contributory negligence is a question for the jury, since she naturally would rely greatly on the watchfulness and discretion of her parents.

6. **TRIAL AND APPELLATE PRACTICE: Instructions: Non-Direction.** The omission of a party to ask and of the court to give an instruction submitting a certain issue is mere non-direction and not reversible error.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence at the close of plaintiff's testimony, and again at the close of all the testimony. The physical facts and the conceded facts show that the wagon was driven on to the car tracks at a point where the driver or plaintiff could have seen the car for five blocks, yet attempted to cross so close in front of the car that a collision was inevitable and unavoidable. Sanguinette v. Railroad, 196 Mo. 474; Green v. Rail-

road, 192 Mo. 143; Schmidt v. Railroad, 191 Mo. 215; Ries v. Transit Co., 179 Mo. 1; Petty v. Railroad, 179 Mo. 675; Moore v. Railroad, 176 Mo. 529; Guyer v. Railroad, 174 Mo. 344; Van Bach v. Railroad, 171 Mo. 338; Hook v. Railroad, 162 Mo. 584; Holwerson v. Railroad, 157 Mo. 216; Payne v. Railroad, 136 Mo. 575; Huggart v. Railroad, 134 Mo. 679; Watson v. Railroad, 133 Mo. 250; Lane v. Railroad, 132 Mo. 16; Boyd v. Railroad, 105 Mo. 380; Lien v. Railroad, 79 Mo. App. 475; Simms v. Railroad, 116 Mo. App. 572; Beach on Contr. Neg., sec. 182; 7 Am. and Eng Ency. of Law, p. 371; Kelsay v. Railroad, 129 Mo. 374. (2) There was no issue as to any act of negligence on the part of defendant submitted to the jury by the instructions. This was error. Allen v. Transit Co., 183 Mo. 411; Boyd v. Transit Co., 103 Mo. App. 303; Flieschman v. Miller, 38 Mo. App. 177; Gessley v. Railroad, 26 Mo. App. 156.

*Fred A. Boxley* and *G. B. Silverman* for respondent.

(1) The court did not err in refusing to give defendant's demurrer at the close of plaintiff's testimony, and again at the close of all the testimony. There are no physical facts in this case, susceptible to mathematical calculation, nor any "conceded facts," which disprove the negligence of defendant, or prove any negligence of plaintiff. Dunphy v. Stock Yards Co., 95 S. W. 301; B. & L. Assn. v. Grocery Co., 82 Mo. App. 245; Schermerhorn v. Herold, 81 Mo. App. 461; Hovarka v. Transit Co., 191 Mo. 441; Taussig v. Wind, 98 Mo. App. 129; Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41; Fields v. Railroad, 80 Mo. App. 603; Klockenbrink v. Railroad, 172 Mo. 678; Betz v. Telephone Co., 97 S. W. 20; Knapp v. Transit Co., 199 Mo. 640, 98 S. W. 70; Petersen v. Transit Co., 199 Mo. 331, 97 S. W. 860. (2) A boy sixteen years of age was in a vehicle drawn

by a horse driven by his uncle. The boy had no control over the movement of the vehicle. Held, that the negligence of the driver, causing a collision with a street car, was not imputable to the boy. Petersen v. Transit Co., 199 Mo. 331, 97 S. W. 860. This is the well-established law in this State. Becke v. Railroad, 102 Mo. 544; Sluder v. Transit Co., 189 Mo. 107; Profit v. Railroad, 91 Mo. App. 369; Marsh v. Railroad Co., 104 Mo. App. 577; Munger v. Sedalia, 66 Mo. App. 629; Petersen v. Transit Co., 199 Mo. 331, 97 S. W. 860. (3) Appellant cannot be heard to complain that the court gave none of the plaintiff's instructions, for plaintiff's instructions were refused at the request of appellant, and appellant cannot be heard to complain of error which it invited. State v. Elliott, 90 Mo. 350; State v. Jackson, 99 Mo. 60; Dunn v. Railway, 81 Mo. App. 42; State ex rel. v. Fidelity & Dep. Co., 94 Mo. App. 184; O'Neill v. Blase, 94 Mo. App. 648. (4) Instructions which are good as far as they go, but do not go far enough to cover the whole case, amount, in civil cases, only to non-direction, and not to error. Bank v. Ragsdile, 171 Mo. 168; Roberts v. Lead Co., 95 Mo. App. 581; Woody v. Railroad, 104 Mo. App. 678; Insurance Co. v. Mattson, 100 Mo. App. 316; Grocery Co. v. Grossman, 100 Mo. App. 338; Gillespie v. Hendron, 98 Mo. App. 622; Moore v. Railroad, 176 Mo. 528; Bruce v. Wolfe, 102 Mo. App. 384; Goodson v. Embleton, 106 Mo. App. 77; Swope v. Ward, 185 Mo. 316. (5) The court did not commit such errors as to affect the substantial rights of appellant in refusing to give appellant's instructions. Walker v. Railroad, 106 Mo. App. 321; Reed v. Mexico, 101 Mo. App. 155.

JOHNSON, J.—Plaintiff alleges she was injured in a collision between a wagon in which she was riding and a street car operated by defendant and that the injury

was the direct result of defendant's negligence. She recovered judgment in the sum of $200, and the cause is here on the appeal of defendant.

At the time of the injury, which occurred on the 19th day of July, 1903, plaintiff was a minor. Her exact age is not disclosed but from facts appearing in the record, it is fair to assume she was not over sixteen years old. The place of the injury was at the corner of Guinnotte and Michigan avenues in Kansas City. Defendant operated a double-track street railway along Guinnotte avenue, the course of which lies east and west. East-bound cars ran over the south track and west-bound cars over the other track. A brother of plaintiff's stepfather lived on the southwest corner of the intersection of the two avenues and plaintiff, accompanied her mother and stepfather on a visit to his family. They rode in a one-horse wagon, made the visit, and at about ten o'clock in the evening, started to return. When they seated themselves in the wagon, the horse faced north with his head about five feet from the south rail of the south track. The mother and stepfather occupied the only seat and the latter acted as driver. Plaintiff sat on a box placed behind the seat, with her face towards the rear of the wagon, and carried a lighted lantern. There were other occupants of the vehicle, but their number and description are not important. There were no street lamps on Guinnotte avenue and, according to all the evidence, it was very dark. The stepfather testified that it was his purpose to go straight across the tracks and just before he started the horse, he looked up and down the street to see if a car were approaching. His view to the west was unobstructed for, perhaps, five or six blocks and he saw no car. Plaintiff also testified that she looked to the west and saw none. The driver started the horse and had driven him on to the south track when, looking again to the west, he saw the headlight of a car

which then was about a block away and approaching at a very rapid rate of speed. Plaintiff says she looked at the same time, saw the car and called to the driver to hasten. He urged the horse and increased its speed, but before the crossing could be accomplished, the car violently collided with the wagon and the injury resulted. All of the witnesses introduced by plaintiff testified that the car was running at the highest possible rate of speed and that the bell was not rung, nor was any warning given of its approach. They state further that the motorman made no effort prior to the collision to reduce speed. It is admitted that the car was provided with an electric headlight, but in explanation of the failure of the occupants of the wagon to see it in time to avoid the collision, they say the car in its rapid progress raised a great cloud of dust which so obscured the light that it could not be seen until the car was not over a block away.

On behalf of defendant, the evidence tends to show that the car was running at a rate of speed not to exceed ten or twelve miles per hour, that the bell was being rung continuously, that owing to the darkness, the motorman could not see the horse and wagon until they came into the narrow pathway of the headlight, that the wagon then was not over thirty feet away; that the motorman at once reversed the current in an effort to stop the car and did materially reduce speed, but could not, in the space allotted, prevent the collision.

The negligence charged in the petition is that the "agents and servants in charge thereof carelessly and negligently ran an electric car eastward along the south track of the defendants' said railway and across Michigan avenue aforesaid, without ringing the bell or sounding the gong of said car and defendant, its agents and servants, aforesaid carelessly and negligently failed to look ahead and to observe plaintiff crossing and being upon the track and in a position of danger and care-

lessly and negligently failed to stop or check the speed of said car until plaintiff could get off the said track or out of the way of said car, although said car at the time plaintiff was crossing said track as aforesaid, was sufficient distance westward from said point of crossing for defendant to have done so, by the exercise of ordinary care and carelessly and negligently ran said car against said vehicle and against plaintiff."

The answer, in addition to a general denial, contains the following plea: "That if plaintiff received any injuries at the time mentioned in said petition, the same were caused by the fault and negligence of the driver of the wagon in which the plaintiff was riding."

First, we will dispose of the contention that the learned trial judge erred in refusing the request of defendant for an instruction in the nature of a demurrer to the evidence. From the standpoint presented by the evidence of plaintiff, the negligence of defendant in the operation of the car is apparent. Grant that plaintiff cannot recover on the ground of negligence in running the car at an excessively high rate of speed for the reason that she has not pleaded such act in her petition, still her evidence abundantly sustains the charge that the bell was not rung as the car approached the crossing, and that the motorman was negligently inattentive to the track ahead of him. Whether the rate of speed at which the car was running was twenty-five or thirty miles per hour, as the testimony of plaintiff's witnesses would seem to indicate, or was only ten or twelve miles per hour as stated by the witnesses for defendant, the fact remains that the motorman was operating a powerful and dangerous vehicle along a public thoroughfare where others had a right to be, and, in the exercise of reasonable care, could not approach a crossing where he had reason to anticipate the presence of vehicles and pedestrians, without keeping a close lookout and without giving warning of the presence of the

car. [Grout v. Railway Co., 125 Mo. App. 552, 102 S. W. 1026; Cole v. Railway, 121 Mo. App. 605.]

But it is argued by defendant that the negligence of the motorman if it existed, should be regarded not as the direct but as a remote cause of the injury, the direct cause being the negligence of the driver which, it is urged, is indisputably established by plaintiff's evidence as well as by that introduced by defendant. We agree with defendant that his negligence is so clearly established by all the evidence including his own testimony that it cannot be regarded as an issue of fact. At the time he started to drive forward, he was in a position where, in the exercise of reasonable care, he could not fail to see the car nor to understand that it was perilous for him to attempt to cross ahead of it. The horse had not traveled over twelve or fifteen feet until the vehicles collided and, should we assume that the car was running at the rate of twenty-five or thirty miles per hour, it could not have been over 100 feet from the place of collision when the driver proceeded from a place of safety to the crossing. His assertion that when he looked just before starting the car was not visible for the reason that it was at that time more than a block away and, on account of its great speed, was raising a cloud of dust in front of it which totally obscured the headlight is too absurd to merit serious consideration. As we have just said, it could not have been more than one hundred feet away even had it been going at top speed, and the contention that a swiftly moving vehicle under ordinary conditions of wind and weather will throw up a cloud of dust in advance of it, is a proposition in physics beyond the comprehension of reasonable minds. Such evidence goes for naught against the plain physical facts of the situation. The rule is well settled that testimony utterly at war with physical facts and laws within the knowledge of common experience will be disregarded and treated as though it had

not been spoken. The driver either did not look at all until after he drove into peril or else deliberately attempted to cross in front of a car running at a dangerously high rate of speed, relying on the prudence and humanity of the motorman to prevent a collision. In either event, his conduct cannot be defended successfully and, if this were a contest between him and defendant, we would not hesitate to declare that his own negligence would preclude a recovery.

But it cannot be declared as a matter of law that the negligence of the driver was the sole producing cause of plaintiff's injury. On the hypothesis that the motorman was negligent in not ringing the bell and in failing to make any effort to reduce speed after it became apparent that a collision was imminent, and that the driver negligently failed to look for the approaching car before attempting to cross and did not know of its presence until after plaintiff was imperiled—an hypothesis of fact which reasonably may be indulged after the rejection of that part of the driver's testimony at variance with plain physical facts the negligent acts of the motorman and driver were concurrent and co-operative. Each contributed to the production of the injury and defendant cannot escape liability on the ground that the negligent acts of its servant were a remote cause.

Nor do we agree with the argument of defendant that the negligence of the driver should be imputed to plaintiff and if regarded as an agency contributing to her injury should prevent a recovery. Waiving the point that imputed negligence is not pleaded by defendant in its answer, the evidence clearly shows that the status of plaintiff in the wagon was that of a mere passenger. She had no right nor power to exercise control over the management of the vehicle and neither actually nor theoretically was her stepfather her agent in the discharge of his duties as driver. [Stotler v.

Railroad, 200 Mo. 107; Petersen v. Transit Co., 199 Mo. 331; Becke v. Railway, 102 Mo. 544; Sluder v. Transit Co., 189 Mo. 107; Profit v. Railway, 91 Mo. App. 369; Marsh v. Railway, 104 Mo. App. 577.]

Finally, it is contended on this branch of the case that though we should conclude that the negligence of the driver should not be imputed to plaintiff, still she cannot recover for the reason that her own evidence convicts her of negligence which directly contributed to the production of her injury. The rule is invoked that "if a person riding in a vehicle knows that the driver is negligent and he takes no precaution to guard against injury, he cannot recover, for, in such case, the negligence is his own and not simply that of the driver. The plaintiff cannot rightfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge." [Elliott on Railroads, sec. 1174; Canter v. St. Joseph, 126 Mo. App. 629; Marsh v. Railway, 104 Mo. App. 577.] Overlooking the fact, for the present, that defendant did not plead contributory negligence in its answer, and treating the question now under consideration as one in issue, we find no occasion for pronouncing plaintiff guilty of negligence in law under the rule stated. Whether plaintiff looked while the vehicle was in a place of safety, saw the car approaching and failed to warn her stepfather, or did not look at all in the direction from which the car approached, until she had reached a dangerous position, her conduct would have been a subject for the jury to classify had the pleadings raised the issue of contributory negligence. On account of her minority, her actions should not be measured in law by the standard to be applied to persons of mature years. As a general rule, the characterization of the conduct of a minor is regarded as an issue for the triers of fact to solve, and we perceive no reason for making of the present case an exception to that rule.

The acts of plaintiff were not so glaringly negligent as to compel us to say that reasonable minds could not differ with respect to them. Considering her position in the wagon and the further fact that, being a mere child, she naturally would rely greatly on the watchfulness and discretion of her mother and stepfather, whose opportunities to judge of the risk involved in attempting the crossing were better than her own, it is a fair inference to say that she acted in a manner to be expected of a person, of her age and apparent intelligence. [Mann v. Railway, 100 S. W. 566, 123 Mo. App. 486; Stotler v. Railroad, supra.]

The demurrer to the evidence was properly overruled.

Objections are made to the rulings of the learned trial judge in the giving and refusal of instructions to the jury. Most of the objections have been answered in the views expressed. The omission of plaintiff to ask and of the court to give an instruction submitting the issue of negligence must be classed as mere non-direction and, therefore, not reversible error. [Hooper v. Railway, 102 S. W. 58; 125 Mo. App. 329; Wilson v. Railway, 122 Mo. App. 667.] As the issue of contributory negligence was not pleaded, no error was committed in the refusal of an instruction asked by defendant, in which that issue was submitted.

The record is free from substantial error and it follows that the judgment must be affirmed. All concur.