CHICKASHA ST. RY. CO. v. MARSHALL.

No. 3665. Opinion Filed July 14, 1914.

(141 Pac. 1172.)

1.  STREET RAILROADS — Collision with Wagon — Question for Jury—Negligence—Contributory Negligence.  In a suit in damages for personal injuries, where the evidence discloses that the car struck the wagon while it was crossing the track at the intersection of two streets, that the plaintiff was riding in the wagon with his back toward the approaching car, and the owner was driving the team, that plaintiff neither looked nor listened nor did anything to stop the team, that the evidence was conflicting as to the speed of the car and how far it was from the team

at the time the motorman discovered it on the track, **held**, that the question of defendant's negligence and the contributory negligence of the plaintiff was for the jury. **Held**, further, that the failure of plaintiff to look and listen was not contributory negligence **per se**.

2.    **TRIAL—Instructions—Construction—Harmless Error.** Where two instructions, construed together, fairly state the law, the case will not be reversed for error existing in one of them.

3.    **NEGLIGENCE—Doctrine of Imputed Negligence.** The doctrine of imputed negligence is not recognized in this jurisdiction.

(Syllabus by the Court.)

*Error from Superior Court, Grady County;*
*Will Linn, Judge.*

Action by John Marshall, by his next friend, J. E. Kerce, against the Chickasha Street Railway Company, for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

*Welborne & McCalla,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

TURNER, J.   On March 8, 1911, John Marshall, a minor fifteen years old, by his next friend, J. E. Kerce, defendant in error, sued the Chickasha Street Railway Company, plaintiff in error, in damages for personal injuries growing out of the alleged negligence of defendant. After answer filed, in effect a general denial and a plea of contributory negligence, there was trial to a jury and judgment for plaintiff for $500, and defendant brings the case here.

The evidence shows that on November 30, 1910, defendant owned and operated a street railway system in Chickasha; that about 7 o'clock that evening, while one of its cars was passing east along Chickasha avenue, it collided with a wagon and team which was being driven by J. E. Kerce south on Fifth street, at a point where that street intersects Chickasha avenue. Plaintiff was in the wagon with said Kerce and his brother, and was standing with his back toward the car and against a sharp cold wind blowing from that direction. He neither looked nor listened nor did anything to stop the team. He was an orphan and lived with

and worked for Kerce, but not for hire. The car struck the front part of the rear wheel; the force of the impact breaking it and carrying the wagon from three to eight feet, throwing plaintiff to the ground and injuring him. Chickasha avenue is about 100 feet wide between property lines, 67 feet from curb to curb, and sixteen feet four inches from property line to curb. The track is laid in the middle of the street and is four feet wide between the rails. There is much conflict in the testimony as to who was at fault. J. E. Kerce testified that as he approached the track he looked east and west, but could not see the approaching car, his view being obstructed by the building on the corner; that as he approached closer to the track he again looked east and west, and at that time saw the car within 125 feet of him, running at eighteen miles an hour; that by that time his mules were on the track; that he whipped up and tried to get across, but the car was coming so fast he could not get away; that when he first saw the car the driver was looking backward into the car, and that, when the front of the car was within some fifteen or twenty feet of the team, the driver turned and saw the team and for the first time seemed to be trying to stop his car. The driver testified that he saw the team for the first time sixteen feet north of the track; that the car was only sixteen feet from where it would cross the track; that he was running about ten miles an hour (the maximum speed prescribed by city ordinance was six); that he could stop the car in eighteen feet; that he sounded the alarm and stopped his car as soon as he could after the danger was discovered. All the other witnesses testified that the car was from 45 to 125 feet away when the mules were upon the track. The speed of the car was estimated by all other witnesses at from six to fifteen miles, except the conductor, who testified that it was running three miles an hour when the car struck the wagon. The evidence being conflicting, the question of the negligence of defendant and the contributory negligence of plaintiff was for the jury.

The instructions of the court to the jury are unusually clear and contain no error prejudicial to defendant, unless it be the following:

"The court further instructs the jury that it is the duty of parties desiring to cross a street railway track to use ordinary care for their own safety by looking and listening for approaching street cars, and if you believe and find from the evidence in this case that the plaintiff failed to exercise ordinary caution and care for his own safety by looking and listening, and went upon the tracks of the defendant railway company while the street car was approaching in such proximity to the plaintiff that by the exercise of ordinary care on the part of the defendant railway company's servants and employees in charge of said street car could not have prevented the said accident, then you will find for the defendant."

Which means that, failing to look and listen, which he says he did, plaintiff was guilty of contributory negligence, as a matter of law. So far as we know, no court has ever so held. Assuming that plaintiff was bound to look and listen, failure so to do is not contributory negligence, as a matter of law. In *Robinson v. Metropolitan St. Ry. Co.,* 91 App. Div. 158, 86 N. Y. Supp. 442, affirmed 179 N. Y. 593, 72 N. E. 1150, plaintiff was by invitation riding on a seat of a truck with the driver which was struck by an approaching car under circumstances substantially the same as here. The court said:

"We are not concerned with the question whether the driver of the truck was negligent, for it does not appear that the plaintiff was in any manner responsible for the conduct of the driver, and the negligence of the latter could not be imputed to him, and would not defeat a recovery. *Morris v. Met. St. Ry. Co.,* 63 App. Div. 78, 71 N. Y. Supp. 321; *Brennan v. Met. St. Ry. Co.,* 60 App. Div. 264, 69 N. Y. Supp. 1025. Nor can it be said that the plaintiff was guilty of contributory negligence, as matter of law. He was only nine years of age; and the standard for judging his conduct is not the care that could be exercised by an adult, but only that of one of his age, of average intelligence, and ordinary prudence. *Lafferty v. Third Avenue R. R. Co.,* 85 App. Div. 592, 83 N. Y. Supp. 405, affirmed in 176 N. Y. 594, 68 N. E. 1118. It does not appear that he said anything to the driver, or drew his attention to the car. Whether he should have done so or should have attempted to jump from the high seat, which would have been perilous in these circumstances, was a question for the jury. *Hoag v. N. Y. C. & H. R. R. Co.,* 111 N. Y. 199, 18 N. E. 648; *Kettle v. Turl,* 162 N. Y. 258, 56 N. E. 626. Moreover, there was evidence

from which it might fairly be inferred that at this crossing, where the rights of the truck and of the street car were equal, the truck reached the track in time to pass in safety if the motorman had the car under control, as was his duty; and in such circumstances it cannot be said, as matter of law, that the plaintiff, in view of his age, was not justified in assuming either that the driver was aware of the approach of the car or that the truck would pass in safety."

In *Zalotuchin v. Met. St. Ry. Co.*, 127 Mo. App. 577, 106 S. W. 548, plaintiff was riding in a wagon, seated with her back to her mother and stepfather, who was driving, when, in attempting to cross the track in front of a moving car, the same was struck by the car and the plaintiff was injured. In passing upon the question of her contributory negligence, the court said:

"Whether plaintiff looked while the vehicle was in a place of safety, saw the car approaching, and failed to warn her stepfather or did not look at all in the direction from which the car approached, until she had reached a dangerous position, her conduct would have been a subject for the jury to classify, had the pleadings raised the issue of contributory negligence. On account of her minority, her actions should not be measured in law by the standard to be applied to persons of mature years. As a general rule, the characterization of the conduct of a minor is regarded as an issue for the triers of fact to solve, and we perceive no reason for making of the present case an exception to that rule. The acts of plaintiff were not so glaringly negligent as to compel us to say that reasonable minds could not differ with respect to them. Considering her position in the wagon and the further fact that, being a mere child, she naturally would rely greatly on the watchfulness and discretion of her mother and stepfather, whose opportunities to judge of the risk involved in attempting the crossing were better than her own, it is a fair inference to say that she acted in a manner to be expected of a person of her age and apparent intelligence. *Mann v. Railway*, 123 Mo. App. 486, 100 S. W. 566; *Stotler v. Railroad, supra* [200 Mo. 107, 98 S. W. 509]."

See, also, *Carroll v. Conn. Co.*, 82 Conn. 513, 74 Atl. 897.

For the reason, then, that the instruction contains so serious an error against the plaintiff, we will not reverse the case on account of said instruction, although the court failed, in that connection, to charge that defendant was liable only if, after the motorman discovered the danger, he failed to exercise reasonable

care to stop his car and avoid the injury. And this too, although we have repeatedly held a failure so to charge is reversible error. *St. L. & S. F. R. Co. v. Kral*, 31 Okla. 624, 122 Pac. 177; *Oklahoma City Ry. Co. v. Barket*, 30 Okla. 28, 118 Pac. 350. This for the reason that this omission is supplied in the next instruction, which reads:

"The court instructs the jury that although you may find and believe from the evidence that the defendant's street car, at the time Marshall went on to the street car track, was running at a greater rate of speed than that allowed by the city ordinances, to wit, six miles per hour, still you cannot find for the plaintiff unless you further find from the evidence that, after the motorman discovered that said Marshall was intending to cross the track, he (the said motorman) could have stopped the car in time to have prevented the accident, had he not been running to exceed six miles per hour."

Taken together, said instructions fairly tell the jury that, aside from the speed of the car, if plaintiff's negligence placed him in such dangerous proximity to the approaching car, that, after the danger to him was discovered, it could not be stopped by the exercise of reasonable care in time to avoid the injury, defendant was not liable; but if they found that after he was discovered the motorman could have stopped the car, by the exercise of such care, in time to have avoided the injury, had it not been running at a speed in violation of the ordinance, the defendant was liable. This is the law. *Ashley v. Kanawha Valley Traction Co.*, 60 W. Va. 306, 55 S. E. 1016, 9 Ann. Cas. 836; *Butler v. R. I. Co.* (R. I.) 68 Atl. 425; *Fisher v. Union Ry. Co., etc.*, 86 App. Div. 365, 83 N. Y. Supp. 694; *Williams v. K. C. El. Ry. Co.*, 149 Mo. App. 489, 131 S. W. 115.

As the doctrine of imputed negligence is not recognized in this jurisdiction (*A., T. & S. F. Ry. Co. v. Calhoun, by Next Friend*, 18 Okla. 75, 89 Pac. 207, 11 Ann. Cas. 681), and there is no prejudicial error in the remaining assignments, the judgment of the trial court is affirmed.

KANE, C. J., and BLEAKMORE, J., concur; LOOFBOURROW and RIDDLE, JJ., absent and not participating.