Argued before SMITH, P. J., and CHESTER, KELLOGG, CHOCHRANE, and SEWELL, JJ.

John P. Kellas, for appellant.

A. B. Cooney, for respondent.

PER CURIAM. The complaint was dismissed upon the trial upon the ground that all right accruing under the chattel mortgage was merged in the bill of sale, and for any fraud exercised in procuring the taking of the chattel mortgage the defendant cannot be held liable, as in the bill of sale was conveyed simply such right, title, and interest as the defendant had in the property. We are not prepared entirely to agree to this proposition. But nevertheless we think the judgment was right, as we are unable to find any damage flowing from the false statements made by the defendant in the chattel mortgage. The evidence of the plaintiff is to the effect that he relied, in taking the mortgage, upon the statement in the mortgage itself to the effect that the defendant was the true and lawful owner. All of this indebtedness, however, has accrued prior to the signing of the mortgage by the defendant, and prior, therefore, to the representation which is made the basis of the fraud in this action. To support an action for false representation, the damage must have been caused thereby. No property has been parted with by reason of any false representations to the defendant, and without proof of such fact no legal damage is shown.

The judgment should therefore be affirmed, with costs.

---

(120 App. Div. 639)

SHERWOOD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.    June 25, 1907.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EMERGENCY.

Where defendant's negligence placed decedent in danger, decedent was not bound to choose at his peril what ultimately would prove the safer course, but was only required to use his best care and judgment as the situation then presented itself to him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 99, 100.]

2. RAILROADS—ACCIDENT AT CROSSING—ACTION FOR DEATH—EVIDENCE—SUFFICIENCY.

Evidence in an action for the death of one crossing a railway track in an automobile held to sustain a finding that decedent was free from contributory negligence.

Appeal from Trial Term.

Action by Henry W. Sherwood, administrator of Clarence L. Sherwood's estate, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Amos Van Etten, for appellant.

Howard Chipp and Walter N. Gill, for respondent.

JOHN M. KELLOGG, J. All the material facts in this case are found in Turck v. New York Central & Hudson River R. R. Co., 108 App. Div. 142, 95 N. Y. Supp. 1100. There this court reversed a judgment in favor of the administrator of Turck. Turck and the plaintiff's intestate were killed by the defendant's train in collision with an automobile in which they were riding. Turck was managing the machine, familiar with its operations and with the locality. Sherwood was riding at the invitation of Turck, had never been in an automobile before, was 16 years and about 3 months of age, and had been known to pass this crossing two or three times before on a bicycle or afoot. There was sufficient evidence showing defendant's negligence.

It is claimed, however, that, within the decision of this court in the Turck Case, the plaintiff's intestate was not shown free from contributory negligence. His tender years and entire want of knowledge as to an automobile, the fact that the machine was being driven by an older person whom he knew was familiar with its operation and was fully able to manage and control it, and that Dr. Sahler, with his family, was driving in his carriage immediately ahead of him and was making the crossing, together with the entire situation at the crossing, present a case where it cannot be said as a matter of law that the plaintiff's intestate was guilty of contributory negligence, or that he showed less care than a lad of his years would ordinarily exercise under like circumstances. Knowing nothing about the machine, and being with a man who was familiar with its management, he could well feel a certain degree of safety until he saw an emergency arising, and if he saw such an emergency he was practically helpless, as he could do nothing to stop the machine. With the noise of the train the driver could not hear his speech, and an attempt to dictate to the driver might divert his attention and do more harm than good. There was, perhaps, nothing for him to do, except to jump from the machine as it was going forward. Possibly that would have been less dangerous, but the defendant's negligence created the emergency, and the intestate was not required to choose at his peril what ultimately would prove the safer course, but he was only called upon to use his best care and judgment as the situation then presented itself to him. Did he, under all the circumstances, conduct himself as a lad of his age ordinarily would?

The ladies in Dr. Sahler's carriage turned around and saw the boys when they were near the board fence about 140 feet from the crossing, apparently engaged in conversation with each other. After Dr. Sahler's carriage had barely made the crossing, the ladies again looked around to see where the automobile was, and about that instant the collision took place. It is not entirely clear whether, upon looking around this second time, the ladies saw the boys with their heads then turned towards the engine, or whether they saw the boys turning their heads towards the engine at the instant they looked and at the instant of the collision. The appellant claims that the evidence tends to show that from the time the boys were seen talking to each other they had not observed the train until they turned and looked at the engine, the second time the ladies saw them, and that therefore it ap-

pears that they had not seen the train, or looked for an approaching train. But the evidence is not clear upon that subject, and the jury may have found that the boys were looking towards the engine before the ladies turned around to look. I think the jury was justified in finding that the plaintiff's intestate used all the care which an ordinary lad in his circumstances would have exercised, and that he was not chargeable with contributory negligence.

The order and judgment should therefore be affirmed, with costs. All concur.