## NATIONAL BRIDGE WORKS v. ATLAS CONST. CO.

(Supreme Court, Appellate Term. June 25, 1909.)

JUDGMENT (§ 17*)—DEFAULT JUDGMENT—SETTING ASIDE.

A default judgment against a corporation will not be sustained where, though it appeared by the affidavit that there was service of the summons and complaint on one as director, president, and treasurer of defendant, it was proven without contradiction that at the time of the service said person was neither president, treasurer, secretary, nor director of defendant, and that he had no connection with it in any manner.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the National Bridge Works against the Atlas Construction Company. From a default judgment, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Bond & Babson (Walter H. Bond, of counsel), for appellant.
Thompson & Fuller, for respondent.

PER CURIAM. Appeal from default judgment upon the ground that no service of the summons and complaint was made upon any proper officer or manager of the defendant corporation. It appears by the affidavit that the service of the summons and complaint was made upon one Walter J. Solomon as director, president, and treasurer of the defendant company. It is proven without contradiction that at the time of the service of the summons and complaint Walter J. Solomon was neither president, treasurer, secretary, nor director of the defendant corporation, and had no connection with the defendant in any manner.

Judgment reversed, with costs, and complaint dismissed.

---

## FOLEY v. NEW YORK CENT. & H. R. R. CO

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. RAILROADS (§ 312*)—NEGLIGENT OPERATION—CROSSINGS.

A railroad failing to give reasonable notice of the approach of an engine to a public crossing is negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 988–992; Dec. Dig. § 312.*]

2. NEGLIGENCE (§ 93*)—IMPUTED NEGLIGENCE.

The negligence of one driving a wagon cannot be imputed to a boy eight years old riding with him.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 147–150; Dec. Dig. § 93.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. RAILROADS (§ 350*)—COLLISIONS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE
—QUESTION FOR JURY.

Whether a boy, eight years old, riding with a driver of a wagon was guilty of contributory negligence precluding a recovery for his death caused by his being struck by an engine on a public crossing *held* under the evidence for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1167, 1176; Dec. Dig. § 350.*]

4. NEGLIGENCE (§ 136*)—IMPUTED NEGLIGENCE—QUESTION FOR JURY.

Whether a mother suing for the death of her child, eight years old, caused by the child being struck by an engine at a public crossing, was guilty of contributory negligence in permitting the child to ride with the driver of a wagon, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 350–352; Dec. Dig. § 136.*]

McLennan, P. J., and Spring, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Anna A. Foley, administratrix of Harold Foley, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lewis, Watkins & Titus, for appellant.

Rill & Steele, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. Deceased was a boy eight years and eight months of age, and the verdict was moderate, $1,100. He was riding with one Gardner in an empty coal wagon, both standing up near the front, and there was only one horse attached to the wagon. It was in the daytime, and they were crossing a branch track of defendant's road, along a right of way, when an engine backing along the branch struck the wagon, and the boy was thrown out, run over, and killed. Gardner escaped injury.

First. There was some controversy on the trial as to whether the road along which they were driving was merely a private way, or was such a public thoroughfare as to require the defendant to give travelers along the same reasonable notice of the approach of its engine and cars. This question was submitted to the jury as one of fact, and the finding in plaintiff's favor, with reference thereto, should not be disturbed by this court. In view of this finding, the jury were justified in finding further from the evidence that the defendant was negligent in failing to give reasonable and proper notice of the approach of the engine to the crossing over the right of way at the time of the accident.

Second. More serious questions arise as to contributory negligence. There was nothing to prevent Gardner and the boy from seeing the

approach of the engine before they started to cross the track. It is quite apparent that they were talking together, gave no attention to the crossing, and did not look or listen for any engine or cars, and did not know one was approaching until they were on the track, and it was too late to avoid a collision. If this action were by Gardner, for any injuries he may have received, he could not recover because of his contributory negligence. How about the boy for whose death a recovery has been had? We assume that the jury found that Gardner, and not the boy, was driving; that the man, and not the boy, had the charge and control of the horse and wagon. The boy was not responsible for the conduct of Gardner, and the negligence of the latter could not be imputed to him, nor defeat a recovery herein. Robinson v. Met. Street R. R. Co., 91 App. Div. 158, 86 N. Y. Supp. 442, and cases referred to there, affirmed in 179 N. Y. 593, 72 N. E. 1150. In the case cited the boy injured was nine years old and was riding upon the seat of a truck with the driver when they were struck by a street car. The driver was negligent. The boy said nothing to the driver, did not call his attention to the car, and made no effort to jump off to avoid injury. The court held not only that the negligence of the driver was not imputable to the boy, but that the boy himself was not guilty of contributory negligence as matter of law, that it was a question for the jury, saying:

"He was only nine years of age, and the standard for judging his conduct is not the care that would be exercised by an adult, but only that of one of his age, of average intelligence and ordinary prudence."

See, also, Sherwood v. N. Y. C. & H. R. R. R. Co., 120 App. Div. 639, 105 N. Y. Supp. 547; Noakes v. N. Y. C. & H. R. R. R. Co., 121 App. Div. 716, 106 N. Y. Supp. 522; Costello v. Third Ave. R. R., 161 N. Y. 317, 55 N. E. 897, and cases therein referred to; Hoag v. N. Y. C. R. R., 111 N. Y. 199, 18 N. E. 648; Simkoff v. Lehigh Valley, 190 N. Y. 256, 83 N. E. 15. The court submitted to the jury the question as to whether the boy was sui juris. If they found he was so, then the foregoing principles and cases support the recovery had here. If he was not, then, the boy having been allowed by his mother to ride in this wagon with a driver, her negligence was for the jury, and she could not be held guilty as a matter of law. See Simkoff v. Lehigh Valley, above.

The verdict involved the finding of the absence of contributory negligence on the part of both the boy and his mother. Such finding should not be disturbed by this court.

Judgment and order affirmed, with costs

ROBSON, J., concurs. KRUSE, J., concurs in result in a separate mem. McLENNAN, P. J., and SPRING, J., dissent.

KRUSE, J. I concur in the result. I think, however, that the boy was guilty of contributory negligence as a matter of law if he was sui juris. But whether he was a boy more alert and intelligent than a boy of his age usually is, so as to make him capable of exercising a degree of care required of a person who is sui juris, is a question

of fact.  Counsel for the defendant seems to stand upon the broad proposition that there was no legal liability against the defendant, and does not ask to have the case reversed upon any mere technical objection, very likely fearing the result of another trial, as the verdict seems to be very moderate.

I therefore concur in affirmance.