RUDOLPH M. BAESENS, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, May 3, 1922.

Railroads — action against railroad company for damage to automobile in collision at grade crossing — trial — remarks of counsel — plaintiff's counsel indicated to jury that defendant had settled with one occupant of automobile — court should have granted defendant's motion to withdraw juror — instructions — error to refuse request to charge that no negligence could be predicated on speed of train alone — when alleged failure of defendant to sound warning at crossing and have headlight lit does present issue for jury — question of negligence properly submitted — want of care by plaintiff's chauffeur not excused by omission by defendant to give usual warning.

In an action to recover for damages to plaintiff's automobile resulting from a collision with defendant's train on a grade crossing, the crossing gates not being lowered, the court should have granted defendant's motion for the withdrawal of a juror where plaintiff's counsel, by offering in evidence a stipulation and order of discontinuance and by remarks, indicated to the jury that the defendant had settled with one of the occupants of the automobile, although plaintiff's counsel claimed that he did this solely to explain to the jury the failure of plaintiff to call such person as a witness, as the effect was to make the jury believe that defendant had admitted liability for the accident. The effect of this improper action of counsel was not cured by the court's instructing the jury to ignore it.

It was also error for the court to refuse defendant's request to charge that no negligence could be predicated against defendant on the speed of the train alone, as the engineer did his full duty under the circumstances if his headlight

was burning, his automatic bell ringing and if he sounded the crossing whistle at the whistling post.

Where there was positive testimony that the headlight upon the engine of defendant's train was lit, that the usual crossing whistle was blown and that the bell on the engine was ringing, and there was nothing but negative testimony to the contrary, there was no issue to go to the jury with reference to those facts.

*It seems,* that the case was properly submitted to the jury on the question of defendant's negligence as there was a conflict of evidence as to whether the gateman was on the crossing at the time acting as a flagman.

*It seems,* that it was the duty of plaintiff's chauffeur to exercise vigilance notwithstanding any omission of defendant to give the usual warning or other adequate warning of the approach of its train.

APPEAL by the defendant, New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 13th day of October, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 21st day of October, 1921, denying defendant's motion for a new trial made upon the minutes.

*Visscher, Whalen, Loucks & Murphy* [*Robert E. Whalen* of counsel], for the appellant.

*Andrew J. Nellis,* for the respondent.

HINMAN, J.:

This action was brought to recover for damage to plaintiff's automobile which at seven-thirty-four P. M., on the 16th day of January, 1921, while driven by plaintiff's chauffeur and carrying two passengers for hire, came into collision with a west-bound passenger train of the defendant on a grade crossing at Carman in Schenectady county. The complaint charged that the crossing gates were left in an upright position as the automobile approached " and thereupon the defendant, having the said bars in an upright position, notified him that he could cross the said railroad tracks in the said automobile with safety, and then, as he was proceeding with due caution to cross the said tracks, the defendant wrongfully and unlawfully propelled its train of cars with great force and violence across the said public highway at high rate of speed and wrongfully ,and unlawfully collided with the said automobile and utterly destroyed the same." No act of negligence is charged, but the case was tried upon the theory of negligence, in that the upright position of the gates was an assurance of safety and that no other adequate warning was given by whistle, bell or other signaling device or by a flagman at the crossing. There was positive testimony that the headlight of the engine upon defendant's train, a powerful electric light, was lit, that the usual crossing

whistle was blown and that the bell upon the engine was an automatic bell and was ringing. There was nothing but negative testimony to the contrary. With reference to these facts there was no issue to go to the jury. (*Matutinovich* v. *New York Central R. R. Co.*, 182 App. Div. 451.)

The defendant introduced testimony tending to show the inability of the gate tender to lower the gates because of the pressure of the wind upon them which it was claimed had been blowing with great intensity for too short an interval of time to charge the defendant with negligence in not having adopted some other means of warning. According to the defendant's own theory upon the trial, however, the failure of the gates to operate did not proximately contribute to the accident. It was the theory of the defendant that the gateman was standing upon the crossing swinging a lantern at the time that the plaintiff's automobile approached the crossing. The court properly charged the jury that if he was out there on the crossing giving such signal " nothing more could be required on the part of the plaintiff's chauffeur to have notice and stop." There was a conflict of evidence as to whether the gateman was present on the crossing acting as a flagman. The theory of the plaintiff was that he was not there. Upon this conflict of evidence the case was properly submitted to the jury on the question of the defendant's negligence.

We are left in some doubt as to whether the plaintiff's chauffeur was guilty of contributory negligence as a matter of law under the authority of *Avery* v. *N. Y., O. & W. R. Co.* (205 N. Y. 502). It was the duty of the plaintiff's chauffeur to exercise vigilance notwithstanding any omission on the part of the defendant to give the usual warning or other adequate warning of the approach of its train. Such omission " may tend to throw one off his guard; but it does not justify the non-observance of ordinary care on his part." (*Avery* v. *N. Y., O. & W. R. Co.*, *supra*, 506.) The plaintiff's chauffeur testified that when he was two or three feet from the outer rail of the crossing he glanced both ways and seeing no train approaching, proceeded at the rate of about fifteen miles an hour and continued to look straight ahead while he crossed five tracks before plunging into the defendant's train. The plaintiff's witnesses estimated this distance to be about fifty or sixty feet. The defendant's witness indicated by scaling a map that the distance was ninety-two feet. It is clear that the defendant's train could have been seen approaching during the entire time that the plaintiff's chauffeur was crossing this intervening space, unless his view was obstructed by the presence of a freight train which one of the

13

plaintiff's witnesses testified was standing in such a position that partially, at least, it might have constituted an obstruction to the view until it was too late for the plaintiff's chauffeur to stop his car. While the plaintiff's chauffeur did not exercise due care in assuming that he could cross the tracks without looking to the right or to the left it may be that on another trial the situation may be clarified sufficiently to determine more justly whether there was in fact sufficient obstruction to his view to have prevented him from seeing the approaching train in time to have avoided the accident if he had looked: The velocity and direction of the wind and the fact that the curtains were on the plaintiff's car might have interfered with hearing the warnings of the approach of the train. Under all these circumstances and in view of the fact that we believe a new trial should be had in any event we refrain from further passing upon the issue of contributory negligence.

Our attention, however, has been called to reversible errors upon the trial. The case was started before two different juries upon the same day. On the first trial during the opening for the plaintiff, his counsel stated that the defendant had settled with one of the passengers in the automobile, Mrs. Risendorph, submitting that as an excuse for not calling her as a witness on behalf of the plaintiff. Thereupon the court properly granted defendant's motion for a withdrawal of a juror against plaintiff's opposition and exception and declared a mistrial. On the second trial commenced the same day he committed the same error. He offered a stipulation and order of discontinuance in evidence and upon objection being raised, plaintiff's counsel described the paper as a settlement and urged that such settlement satisfactorily excused the plaintiff from calling her. The court properly sustained the objection but refused to grant a motion for mistrial. He did, however, make an earnest effort to overcome the effect by carefully instructing the jury to ignore it. Plaintiff's counsel excepted to that and requested a special instruction that " under the circumstances " the jury could not draw any inference against the plaintiff for the failure to call Mrs. Risendorph; and when the court so stated to the jury and, in his effort to neutralize the effect of reference to the settlement, the court stated that the defendant also was not bound to call her, plaintiff's counsel again offset the effort of the trial justice by remarking: " We except to your honor's remark that the defendant is not bound to call her under the circumstances."

We think that the defendant's motion for the withdrawal of a juror should have been granted a second time. The defendant had the right to purchase its peace with Mrs. Risendorph without

concession of negligence on its part. If the stipulation compromising her claim did not purport to or tend to admit negligence on the defendant's part, the defendant had the right to oppose its use on this trial as witness to a fact which it did not purport to prove. The stipulation is not before us, but counsel for the plaintiff did not urge upon the trial nor has he here that it contained competent proof of an admission. The point made by him there and here is that the offering of the stipulation in evidence was solely to explain to the jury the failure of the plaintiff to produce Mrs. Risendorph as a witness for the plaintiff under the rule that unless the absence of a material witness within the control or reach of a party is explained, " the jury have a right to accept the testimony before them which might have been but was not controverted, and to take it most strongly against the party who might have controverted it but failed to do so." (*Perlman* v. *Shanck,* 192 App. Div. 179, 183; *Bleecker* v. *Johnston,* 69 N. Y. 309.) It did not appear that the witness was within the control or even the reach of either party or of one party more than the other. It was at most a failure to call a witness who had no other or better knowledge of the matter in dispute than those who were produced. Under the circumstances the omission to call her could not be relied upon by either party as a suspicious circumstance. She had sued both the plaintiff and the defendant, proof of which fact would have justified both parties in not calling her in the absence of knowledge by the jury that the defendant had settled with her. Plaintiff did not offer to prove that fact alone. The statement of counsel was that there had been a settlement which excused the plaintiff from calling her but which he insisted did not excuse the defendant. The inference was that the defendant had satisfied the demand of Mrs. Risendorph. He used it as a sword and not as a shield. The effect, if not the intent, was to gain an improper advantage, which was to have the jury believe that the defendant had admitted liability for the accident. He forced the defendant's counsel to protest and thus to complete the damage. We think this was highly prejudicial to the defendant.

We are likewise convinced that the learned trial justice was in error in refusing the request to charge that no negligence could be predicated against the defendant on the speed of the train alone. The engineer did his full duty under the circumstances of this case if his headlight was burning, if his automatic bell was ringing and if he sounded the crossing whistle at the whistling post. There was no proof that he violated any duty that had any relation to the condition which was shown to have existed at this crossing. He had no knowledge that the gates were not working and the

case was not tried upon any theory that he could have discovered the peril of those in the automobile in time to have averted any accident. The refusal to charge as requested may well have influenced the jury to believe that the speed of the train was some evidence of negligence on the part of the defendant. This was error.

The judgment and order should be reversed and a new trial granted, with costs.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.