BENJAMIN F. HARDIN, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, May 2, 1923.

Railroads — action to recover for injuries suffered at railroad crossing — plaintiff was riding in hired automobile at time of accident — plaintiff not guilty of contributory negligence as matter of law — chauffeur's negligence not imputable to plaintiff.

In an action to recover for injuries suffered in a collision between an automobile in which the plaintiff was riding and one of defendant's trains, at a grade crossing, which occurred in January, 1921, the plaintiff cannot be held guilty of contributory negligence, as a matter of law, where it appears that he had hired the automobile and a chauffeur to drive it and was riding in the rear seat thereof

at the time of the accident; that the chauffeur was not incompetent and the plaintiff had no control over the operation of the automobile; that the plaintiff looked both ways as he approached the crossing and also when he was within a few feet of the first rail; and that his view was then obstructed by a switching engine standing nearby, and he could not observe the approach of the fast train with which the automobile collided.

It was proper for the court to charge the jury that the negligence of the driver was not imputable to the plaintiff, and that he was chargeable only with his own acts or omissions which might contribute to his injury.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 25th day of May, 1922, upon the verdict of a jury for $1,900, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Visscher, Whalen, Loucks & Murphy* [*Robert E. Whalen* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondent.

KILEY, J.:

An appeal involving injuries arising out of this accident was before this court at a previous term. (*Baesens* v. *New York Central Railroad Company,* 201 App. Div. 191.) While the judgment given plaintiff was reversed we found affirmatively that upon the question of defendant's negligence it was properly sent to the jury. Upon the trial of this case the plaintiff made out a stronger case. We have left the question of plaintiff's contributory negligence. At the crossing where the accident occurred the railroad runs east and west and the highway crosses it at grade, running north and south. It was on the 16th day of January, 1921, at seven-thirty-four P. M. The plaintiff was in a touring car with curtains down, and sat on the right-hand side in the back seat. The curtains had isinglass windows in each about three inches by twelve inches. The auto was one that he had hired. A chauffeur of the man from whom he hired the car was sitting in the front seat driving. He was going in a southerly direction. The auto collided with a passenger train going west at sixty miles an hour. Plaintiff was a passenger in the automobile. There is no evidence that the chauffeur was incompetent or that plaintiff could, in any way, interfere with his operation of the car. The rule applicable here is different from that which would prevail if the driver were the plaintiff. The trial court charged the jury properly when he said that the negligence of the driver was not imputable to the plaintiff;

he was chargeable only with his own acts or omissions which might contribute to his injury. (*Terwilliger* v. *L. I. R. R. Co.*, 152 App. Div. 168; affd., 209 N. Y. 522; *Sherwood* v. *New York Central & H. R. R. R. Co.*, 120 App. Div. 639; *Noakes* v. *New York Central & H. R. R. R. Co.*, 121 id. 716.) The evidence here is that plaintiff looked each way as he approached the crossing. For some distance back from the crossing his line of vision was obstructed by billboards, buildings, trees and poles. Within two feet of the northerly rail of the said tracks he looked again; this time a switch engine stood on the third track to the east of the crossing with its headlight burning; it was stationary at the time and facing the crossing the same way the engine of the oncoming train was headed. This obstruction would be effectual for a radius of several feet, and prevent an appreciation that another engine with a headlight was coming a mile away. The fast train would cover the distance in one minute. The gates being up would have a tendency to lure one into a feeling of safety. Such a condition had not theretofore existed to the knowledge of the plaintiff. It could not be said, as a matter of law, that plaintiff was chargeable with contributory negligence. (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Carr* v. *Pennsylvania R. R. Co.*, 225 id. 44; *Elias* v. *Lehigh Valley R. R. Co.*, 226 id. 154.) All of the facts and circumstances appearing of record may be considered in the determination of this question (*Brott* v. *Auburn & Syracuse El. R. R. Co.*, 220 N. Y. 92.) The errors urged by defendant in the charge of the court are not so prejudicial as to affect the result and do not call for a reversal.

The judgment should be affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment and order unanimously affirmed, with costs.