DORA M. HUGHS, Respondent, v. UNADILLA VALLEY RAILWAY COMPANY and Others, Appellants. ERNEST T. HUGHS, Respondent, v. UNADILLA VALLEY RAILWAY COMPANY and Others, Appellants. EMOGENE CRAINE, Respondent, v. UNADILLA VALLEY RAILWAY COMPANY and Others, Appellants. CLIFTON CRAINE, Respondent, v. UNADILLA VALLEY RAILWAY COMPANY and Others, Appellants.— Judgments affirmed, with costs in one action. (*Noakes* v. *N. Y. C. & H. R. R. R. Co.*, 121 App. Div. 716; affd., 195 N. Y. 543; *Nelson* v. *Nygren*, 233 App. Div. 573; *Terwilliger* v. *Long Island R. R. Co.*, 152 id. 168; affd., 209 N. Y. 522; *Hardin* v. *N. Y. C. R. R. Co.*, 205 App. Div. 157; *Clark* v. *Traver*, Id. 206; *Wilhelm* v. *Lehigh Valley R. R. Co.*, 215 id. 28, 31.) All concur, except Hinman and Hill, JJ., who dissent and vote for reversal and dismissal of the complaints against all defendants on the ground that plaintiffs were guilty of contributory negligence as matter of law. (*Read* v. *N. Y. C. & H. R. R. R. Co.*, 123 App. Div. 228; 165 id. 910: 219 N. Y. 660; 35 Harvard Law Review, 113, 121.)

LURA A. BURNHAM, Respondent, v. JOHN J. BENNETT, JR., as Attorney-General of the State of New York, and Others, Appellants.*— Order and judgment affirmed, with costs, on the opinion of Staley, J., at Special Term. (Reported in 141 Misc. 514.) All concur, except McNamee, J., who dissents and votes for a modification of the judgment and a reversal in so far as it authorizes the payment of the value of plaintiff's land from the " Court of Claims fund," on the grounds that it was the evident intent of the Legislature that plaintiff should be paid from the special appropriation devoted to the extension of the Saratoga battlefield, and not from the general fund set aside for the payment of the " fixed charges " and miscellaneous judgments of the Court of Claims (Laws of 1928, chap. 114, §§ 1, 2; Conservation Law, § 59, subds. 6, 7█); the plaintiff's right to compensation, or its method of payment, was not before the Court of Claims, but the amount of damages alone was or could be determined by that court; the Court of Claims or the Supreme Court was without authority to direct payment from any fund, except under the special statute which conferred jurisdiction and provided for a special appropriation for the project in question; and on the further ground that the court should not approve the principle that subjects the Court of Claims fund, or other department fund, to depletion at the instance of a department head who overruns its appropriation inadvertently or knowingly.

HAROLD W. JOHNSON, Respondent, v. WILLIAM E. WOODRUFF, Appellant.— Judgment unanimously affirmed, with costs. Rhodes, J., not sitting.

ROBISON NATIONAL CLEARING CO., INC., Respondent, v. GEORGE J. VAN WYK, Doing Business under the Assumed Business Name and Style of VAN WYK MOTOR SALES, Appellant.— Order unanimously affirmed, with costs.