JOHN W. OLMSTEAD, Petitioner, Appellant, v. WESTCHESTER COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD, JOHN S. BARRETT and Another, as Members of the Westchester County Alcoholic Beverage Control Board, STATE LIQUOR AUTHORITY, HENRY E. BRUCKMAN, as Chairman of the State Liquor Authority, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.

Third Department, April 27, 1938.

*John W. Olmstead*, for the petitioner, appellant.

*John J. Bennett, Jr., Attorney-General*, for the respondent Morris S. Tremaine.

*William H. Ticho, Counsel to State Liquor Authority [Monroe I. Katcher, II*, of counsel], for the respondents.

BLISS, J.  Appellant is the owner of a judgment of the Supreme Court obtained against the Westchester County Alcoholic Beverage Control Board on February 10, 1937, the validity of which is not questioned here.  It was for costs in a proceeding relating to the making of certain appointments by that board which the board unsuccessfully defended.  (*Matter of Ryan* v. *Westchester Alcoholic Beverage Control Board*, 249 App. Div. 859.)  Respondents concede that the judgment is in fact a claim against the State of New York since the judgment debtor is a State agency and its payment would necessarily require a disbursement of State funds.

At the time this judgment was obtained section 39 of the Alcoholic Beverage Control Law provided and still provides:

" § 39. Expenses of local boards.  1. All expenditures of any local board for any purpose shall be subject to regulation by and approval of the Liquor Authority.  No money shall be expended and no obligation shall be incurred by any local board unless and until the same shall have been authorized and approved by the authority, as hereinafter provided.  After July first, nineteen hundred thirty-six, every local board shall submit each year to the authority, on or before a day to be fixed by the authority, but not later than September fifteenth, a tentative schedule, heretofore called a ' budget,' in a form prescribed by the authority, setting forth the estimated items of expenditures of such local board for the ensuing fiscal year and containing such further information as the authority may require.

" 2.  *   *   *

" 3. Expenses of a local board shall be paid on the audit and warrant of the Comptroller on vouchers approved by the local

board and by the chairman of the Liquor Authority. All such payments shall be made from the expense fund provided for such purposes by section four hundred thirty-five of the Tax Law, and, if for expenses incurred on or after July first, nineteen hundred thirty-seven, in accordance only with appropriations chargeable to receipts from which such fund is reserved."

Funds have been made available by law for the payment of the necessary expenses of the various county boards incurred prior to July 1, 1937. Section 435 of the Tax Law (Subd. 2, as amd. by Laws of 1936, chap. 456) sets up a revolving fund of $50,000 from which the Comptroller is directed to " pay as they accrue, the necessary expenses, incurred and to be incurred prior to July first, nineteen hundred thirty-seven, of the various county beverage control boards." This section also provides that the expenses of such local boards incurred on and after July 1, 1937, " for which appropriation shall have been made," shall also be paid from this fund.

Thus, if this judgment was a necessary expense of the Westchester County Alcoholic Beverage Control Board it must be paid by the Comptroller from this revolving fund upon his audit and warrant on vouchers approved by the local board and by the chairman of the Liquor Authority. It is only local board expenses which are incurred on and after July 1, 1937, which require special appropriations therefor.

But the respondents tell us that this expense of the local board in Westchester county was incurred without the consent of or knowledge of the State Liquor Authority and, therefore, this authority and its chairman, in the exercise of discretionary control over the expenditures of such local boards, have refused to approve the same. They say that the expenditure should not have been incurred and there is no duty upon them to approve the voucher for payment. A resolution of the State Authority provided that in any litigation wherein any local board is a party, it should be represented by the counsel to the State Liquor Authority. The Westchester county board retained its own counsel, but members of the State Authority's legal staff were present during the trial " to assist the courts in arriving at an expeditious determination " in the proceeding in which the judgment was obtained.

The question here, therefore, is whether the Westchester County Alcoholic Beverage Control Board or the chairman of the State Authority may refuse to approve as a necessary expense of a local board a judgment of the Supreme Court in a proceeding against such local board. There is no contention here that the Westchester County Alcoholic Beverage Control Board did not defend the proceeding against it in good faith. Likewise it is of importance

to note that this claim is not for the legal services of the attorney for such local board. The worst that can be said of the local board is that it did not follow the advice of the State Authority or its counsel. We must assume that the local board did act in good faith. Its members were public officers in the performance of their public duties. They were defendants in the proceeding and were not prosecuting it. Counsel for the State Authority apparently was in court during the entire proceeding and participated at least to the extent of consenting that the sole member of the local board be personally represented in the proceeding by counsel of his own selection. This judgment for costs was not such an expenditure as was intended by the Legislature to have the advance authorization and approval of the State Authority. Funds having been appropriated to pay claims of this character, the failure of the State Board to allocate a part for the payment of this judgment is without significance. (*Burnham* v. *Bennett*, 141 Misc. 514; affd., 235 App. Div. 751, and 259 N. Y. 655.) It is not only an expense of the local board but the highest form of obligation. Its legality and amount were not subject to approval or audit by the local board, chairman of the State Authority or the Comptroller. The amount and validity were determined by the court in the exercise of jurisdiction conferred by law, both constitutional and statutory. The court was not compelled to seek the approval or review of the local board, the chairman of the State Authority or the Comptroller, nor is its determination subject to such approval. It was not intended that there be two approvals or audits. (See *Glendon* v. *City of New York*, 276 N. Y. 329.) The claim is valid and should be approved by the local board and by the chairman of the Liquor Authority and audited and paid by the Comptroller at its face amount, plus interest.

The order appealed from should be reversed, with fifty dollars costs and disbursements, and the application granted, with fifty dollars costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with fifty dollars costs and disbursements, and motion granted, with fifty dollars costs and disbursements.